DU BOIS v. TYLER. (No. 8149.)

(Court of Civil Appeals of Texas. Dallas. Jan. 17, 1920. Rehearing Denied Feb. 28, 1920.)

1. APPEAL AND ERROR ⬅️772—WHERE PLAINTIFF IN ERROR DID NOT COMPLY WITH STATUTE BRIEFS OF DEFENDANT IN ERROR, THOUGH NOT FILED AS REQUIRED CONSIDERED.

Where plaintiff in error did not comply with Vernon's Sayles' Ann. Civ. St. 1914, art. 2115, by filing briefs in the district court 5 days before filing the transcript in the Circuit Court of Appeals, *held* that, even though plaintiff in error did file briefs at the time transcript was filed, and defendant failed to file briefs until the day preceding submission, some 18 months later, yet, in view of rule 41a for Court of Civil Appeals (142 S. W. xiv), defendant's briefs will be considered where there was no showing that injury resulted from the delay.

2. APPEAL AND ERROR ⬅️1002—VERDICT ON CONFLICTING EVIDENCE WILL NOT BE DISTURBED.

A verdict on conflicting evidence will not be disturbed.

3. APPEAL AND ERROR ⬅️1032(1) — VERDICT WILL NOT BE DISTURBED FOR PREJUDICE OF JURY WHERE THERE WAS NOTHING TO SHOW PREJUDICE.

Where plaintiff in error claimed that answer to the special issues showed that the jury was actuated by prejudice, but no single fact or circumstance was pointed out tending to show that the jury was prejudiced, an assignment of error on the ground of such prejudice will be overruled.

4. APPEAL AND ERROR ⬅️547(3)—MISCONDUCT OF ATTORNEY WILL NOT. BE REVIEWED WHERE MATTER WAS NOT PRESENTED BY BILL OF EXCEPTIONS.

Where there was no bill of exception to alleged misconduct of counsel in argument, an assignment of error asserting prejudice resulting from such misconduct must be overruled.

Error from Dallas County Court; W. L. Thornton, Judge.

Action by W. J. Du Bois against M. H. Tyler. There was a judgment for defendant, who cross-complained, and plaintiff brings error. Affirmed.

J. Lee Zumwalt, of Dallas, for plaintiff in error.

Clint, Chilton & Eades, of Dallas, for defendant in error.

RASBURY, J. The parties to the appeal prior to the commencement of the suit agreed upon an exchange of properties, plaintiff in error undertaking to convey to defendant in error certain land in the city of Dallas upon which was situated an apartment house and servant's outhouse, the latter undertaking to convey to the former a farm with the improvements thereon in Dallas county, which

was finally consummated by conveyance of the respective properties. Thereafter plaintiff in error brought this suit to recover $500 damages to the land due to the failure of defendant in error to complete an unfinished drainage ditch thereon as he agreed to do, and which sum was alleged to be the difference in value of the land without and with the ditch, or in the alternative to recover $250, the alleged reasonable cost of completing the ditch, and also to recover $50, the value of two galvanized cisterns alleged to have been converted by the defendant in error. Defendant in error joined issue on plaintiff in error's action, and by cross-action alleged that, when the agreement to exchange properties was executed, the apartment house and servant's house were incomplete, and, due to the failure of plaintiff in error to complete same within the time agreed, defendant in error was damaged $245 in the loss of rentals, etc. The jury found, in answer to special issues submitted in that respect, that the failure to complete the drainage ditch did not damage the land, that it would cost $10 to complete same, and that defendant in error did convert the cisterns, which were of the value of $22. Defendant in error's claim for rentals declared upon in his cross-action was by similar special issues submitted to the jury, which found that there was a loss of $75 in rentals on the apartment house and $60 on the servant's house. Judgment following the verdict was for defendant in error for $53, the difference in his favor in the items so found by the jury, and from which entry this appeal is perfected.

[1] In limine plaintiff in error moves this court to strike out and not consider defendant in error's briefs on the ground that same were not filed in the time required by law. Neither party filed briefs in accordance with article 2115, Vernon's Sayles' Texas Civ. Stats. Plaintiff in error did not file briefs in the district court five days before filing transcript in this court. Incidentally the transcript, on motion, was filed after expiration of the statutory 90 days. It is true plaintiff in error did file briefs at the time the transcript was filed, and it is further true that defendant in error did not file briefs until the day preceding submission of the case, an intervening period of 18 months. Where the parties observe article 2115, supra, briefs may be filed in this court on or before the day set for hearing on appeal. Rule 41a for Court of Civil Appeals (142 S. W. xiv). When neither party observes the statute, this court will exercise its discretion, and, unless some injury or material delay is shown, will consider the briefs. No such showing is made in the motion, and hence we are constrained to deny it.

By a series of assignments the plaintiff in

error asserts, in effect, that the findings of the jury that the failure to complete the drainage ditch did not damage the land, that it would have cost $10 to complete the same, that there was one month's delay in completing the apartment house, the rental value of which for said period was $75, and that the reasonable rental value of the servant's house was $5 per month, are without support in the evidence.

[2] We have carefully read and considered the evidence assembled by counsel in their respective briefs, and conclude that on each of the enumerated matters there is evidence sufficient to support the verdict. It is true that there is also evidence that would in each instance have sustained a verdict of an entirely different character, but that fact, at most, presents a conflict in the evidence, which it is the sole prerogative of the jury to either harmonize or adopt as true the one or other theory. We could, in that connection and in deference to counsel, insert into this opinion the evidence and the facts deducible therefrom, which, in our opinion, tend to support the conclusions reached by the jury, but since it is our conclusion upon the evidence that is invoked, and since to recite the facts would be of no benefit to plaintiff in error, nor serve any other purpose, it is omitted and our conclusions alone stated.

[3, 4] It is further urged: (1) That the answers to the special issues show that the jury was actuated by prejudice; and (2) that the misconduct of counsel in arguing that defendant in error had lost the apartment house, that he was an old farmer, and had been "skinned," also prejudiced the jury. Both assignments must be overruled, for the reason that no single fact or circumstance is pointed out tending to show that the jury was prejudiced, and because there is in the record no bill of exceptions covering the facts incident to the alleged misconduct of counsel and consequent prejudice of the jury.

Finding no reversible error in the record, the judgment is affirmed.