## EMPLOYERS' LIABILITY ASSUR. CORPORATION, Limited, v. NEELY.
### No. 4017.

Court of Civil Appeals of Texas. Amarillo. May 10, 1933.

Rehearing Denied June 7, 1933.

W. B. Handley, of Dallas, for appellant.

E. O. Northcutt, of Amarillo, for appellee.

HALL, Chief Justice.

On September 27, 1928, F. B. Trowbridge and, wife, Minnie Bell Trowbridge, entered into a mechanic's lien contract with C. A. Scott, by the terms of which Scott agreed to furnish all material and labor necessary to erect a house on a certain lot in Amarillo, in consideration of $3,500, $500 payable in cash, one note for $500, and a second note for $2,500, to be executed by Trowbridge and wife, payable to Scott. The last note and lien is alleged to have been transferred on October 2, 1928, to one Mrs. Florence Hardin. On October 1st C. A. Scott and H. T. Neely entered into a contract by the terms of which Neely agreed to procure for Scott money for the use of the latter in the construction of said building, in consideration of which Scott agreed that Neely should be subrogated to all his rights in and to the property in question. It is further stipulated that Scott was to furnish Neely a bond with the Employers' Liability Assurance Corporation, Limited, as surety, binding Scott to complete the improvements according to the plans and specifications. Scott executed his note for $2,000, payable to Mrs. Hardin, as evidence of the amount of money advanced to him by Neely. It is alleged that the $2,500 note secured by the mechanic's lien contract was transferred to Mrs. Hardin as collateral security for the $2,000 note. The mechanic's lien contract was pleaded as to its legal effect, together with the contract between Neely and Scott; the latter contract being attached to the petition as an exhibit. The bond which Scott, as principal, and the Employers' Liability Assurance Corporation, Limited, as surety, executed, recites that it is given to secure the performance of a contract between C. A. Scott and F. B. Trowbridge and H. T. Neely of Amarillo for the construction of the improvements mentioned in said contract. It bound the surety to pay all sums of money expended by either of the obligees for labor and material.

Neely filed this suit alleging the failure of Scott or his surety, the Liability Company, to complete the improvements, which resulted in the loss of $350 interest on the $2,000, the expenditure of $411.29 in completing the building, and further sought to recover all rents for the premises.

The contractor Scott defaulted.

The appellant corporation answered, and, in addition to numerous exceptions and a general denial, alleged that the mechanic's lien note for $2,500 which had been transferred by Scott to Mrs. Hardin provided for the abatement thereof of any amount necessary to complete the improvements; that the plaintiff herein had failed and refused to abate the note in the amount necessary for the completion of the improvements, and therefore had surrendered a primary fund to which the surety was entitled to have first applied to payment of any obligations under its contract of suretyship, thereby discharging the surety from its obligations, if any.

The surety company prayed in the alternative that it be subrogated to all the rights of Scott, and that plaintiff Neely be required to hold the $2,500 note, which was sufficient to keep him harmless, and that the company as surety was entitled to an offset.

From a judgment in favor of Neely against Scott and the Employers' Liability Assurance Corporation, Limited, in the sum of $472.69, this appeal has been taken.

The first contention to be considered is set out in the brief, as follows: "Where the plaintiff declares on a bond alleged to secure the faithful performance of a building contract between the principal on the bond, one C. A. Scott, and the plaintiff, H. T. Neely, and one F. B. Trowbridge, and the contract which he attaches to his pleading and adopts as the one secured by the bond is between himself, that is, the plaintiff, and the principal on said bond, Scott, the other party mentioned in the bond is nowhere mentioned in said contract, and there is neither pleading nor proof raising any question of reformation for any reason or reasons cognizable in chancery, and the mechanic's lien contract mentioned is said to be between F. B. Trowbridge and Minnie Bell Trowbridge and C. A. Scott, and no effort is made to connect the various contracts or explain any hiatus apparent on the face of the pleading and the attached exhibits, such a pleading is fatally defective and will not support a judgment even in the absence of the interposition of a general demurrer, since it seeks recovery upon contracts contrary to the sense thereof and contrary to the condition of the bond."

This proposition cannot be sustained, and is not supported by the record. The suit is based upon the bond, and is for the purpose of recovering money expended which the bond clearly and definitely binds Scott, the principal, and his surety to pay. The issue to be considered is one of variance. There is no variance between the bond which is the real basis of the action, a copy of which was attached to the pleading, and the original bond introduced in evidence. The only variance is that the pleading referring to the contract between Scott and Neely wherein Neely bound himself to procure the loan to Scott of $2,000 describes it as having Trowbridge also a party to that instrument. Although the bond was made an exhibit, no exceptions were urged, and the rule is that all exceptions and demurrers, which are not pre-

838

sented to the court and disposed of by order duly entered, are considered waived. Southern Casualty Co. v. Morgan (Tex. Com. App.) 16 S.W.(2d) 533.

■■ The rule established in Texas is that a variance between pleading and evidence is not fatal, unless it misleads or surprises the adverse party. Washington v. First National Bank, 64 Tex. 4; Wiebusch v. Taylor, 64 Tex. 59; Longley v. Caruthers, 64 Tex. 287. The error in inserting Trowbridge's name in the pleading could not have surprised the appellant. Moreover, the variance was in the description of a collateral instrument which is an immaterial variance. The mechanic's lien contract, the contract between Scott and Neely in which the latter agreed to procure funds to enable the former to put up the building, and the bond were all admitted in evidence and considered by the court with the consent of appellant.

"It is a general rule that a variance between allegations and proof to be fatal must be such as to mislead the adverse party to his prejudice in maintaining his action or defense on its merits." 21 R. C. L. 611, § 153.

Appellant does not claim to have been misled or surprised by the introduction of the instrument, made no objection upon the ground of variance, but seeks a reversal purely upon technical grounds. Having failed to urge a demurrer, and having consented to the introduction of the instruments, the appellant has waived the objection.

"As in the case of a variance of proof from the issue tendered by ordinary pleading, it is incumbent upon one who seeks to rely upon a variance between the terms of a bill of particulars and the proof adduced to interpose due and timely objection to such evidence in order to save his point upon appeal. For if the evidence is admitted without objection, it is not thereafter subject to interference by the Court." 2 Jones on Evidence (2d Ed.) 1576. See, also, Id., 1592, § 872.

■ The next contention to be considered is that the court should have deducted from the mechanic's lien note for $2,500 the reasonable cost of completing the improvements according to contract.

The record shows without controversy that this note was held by Mrs. Hardin as collateral security to the $2,000 note which Scott had executed payable to her. Mrs. Hardin was not a party to the suit, and the court was not authorized to adjudicate her rights. If the appellant wanted to insist upon that part of the agreement, the duty rested upon it to make Mrs. Hardin a party.

■ The record does not show that Neely was a volunteer. The contracts bound him to complete the building.

We think a correct judgment has been entered in the case, and, finding no reversible error, the judgment is affirmed.