## TEXAS EMPLOYERS INS. ASS'N v. ARNOLD.

### No. 12341.

Court of Civil Appeals of Texas. Dallas..

April 3, 1937.

Rehearing Denied May 1, 1937.

Head, Dillard, Maxey-Freeman & Mc-Reynolds, of Sherman, for appellant.

Webb & Webb, of Sherman, for appellee.

JONES, Chief Justice.

This is a workmen's compensation suit in which Jimmie Arnold, appellee, is the injured employee, Texas Employers Insurance Association, appellant, is the compensation carrier, and the Municipal Gas Company is the employer. Appellee instituted this suit against appellant to set aside an award of the Industrial Accident Board and to recover the statutory damages for total and permanent incapacity to labor, under the Workmen's Compensation Law of this state (Vernon's Tex.Civ. St.1936, art. 8306 et seq.). A trial was had to a jury, submitted on special issues, and on the findings judgment was entered in favor of appellee for a lump sum payment of $2,912, together with six per cent. interest from April 27, 1936, the date of the judgment. The judgment allowed an undivided one-third of such sum to Webb & Webb, appellee's attorneys. Appellant has duly perfected an appeal to this court.

There is no question raised as to the jurisdiction of the court to entertain the suit. The case is sharply contested, however, as to all material facts necessary for a judgment in favor of appellee, and on questions of law arising from the manner of the submission of the case, the rul-

ing of the court on the introduction of evidence, and other matters that will appear in the opinion.

The petition alleged that appellee was injured on or about June 28, 1935, while he was engaged in the duties of his employment, consisting at the time in the back-filling of a ditch, one bank of which caved in, causing him to fall with his left foot and leg in the ditch, and his back to hit the opposite bank of the ditch, injuring him. Various injuries to his back, nerves, tendons, tissues, etc., are described, including injuries to his spine. These allegations are followed by specific allegations as to the result of such injuries, and show that appellee was totally and permanently incapacitated for doing manual labor, the only character of labor that he was trained to perform. The allegations of total and permanent incapacity are followed by the alternative allegation that, "In the alternative, and in the alternative only, plaintiff alleges that he has suffered by reason of said injuries total temporary incapacity to labor; total temporary and partial permanent incapacity to labor; permanent partial incapacity to labor, and temporary partial incapacity to labor."

After pleading a general demurrer and a general denial, appellant, in its answer, categorically denied each and every injury alleged in appellee's petition, and specifically denied that, on the day alleged or at any other time appellee was engaged in the duty of his employment, was there a caving in of the bank of the ditch into which appellee alleges he fell, or the striking of his back on the opposite bank of the ditch, and specifically alleges that in truth and in fact appellee did not fall or otherwise injure himself while engaged in the duty of his employment. Appellant then alleges: "The defendant denies that the plaintiff is incapacitated to any extent, or in any degree to perform the ordinary tasks of a workman, but it says that if he is in fact so incapacitated, the said incapacity arises from physical disorders and diseases in his body, namely pyorrhea, decayed teeth, enlarged or cryptic tonsils, or enlarged lymph glands in his groin, or from some of said conditions, or from a concurrent and accumulative effect of two or more of said conditions."

It is made clear from the pleadings of both parties that there is presented the clean-cut issue as to whether appellee sustained any fall from which injuries could have resulted, and whether he actually received any injuries on the occasion in question, from which his alleged disabilities resulted, and that, if appellee is really disabled to work, it was due to the disease or diseases from which he suffers, rather than to any alleged fall he may have received. Both appellee and appellant support their respective contentions by substantial evidence, of sufficient probative force to support the verdict of the jury in favor of either contention. The findings of the jury, however, were in favor of appellee.

The findings of the jury on the special issues are: (1) Appellee sustained injury in the course of his employment on or about June 28, 1935; (2) the injuries received by appellee caused or contributed to cause an incapacity to work; (3) appellee's injuries resulted in his total incapacity to work; (4) such total incapacity to work is permanent; (special issues Nos. 5 to 11, inclusive, were not answered by the jury, under the instructions of the court); (12) a manifest injustice and hardship will result to appellee, if he be not paid his compensation in a lump sum; (13) appellee's average weekly wage at the time he claims to have been injured was $14. Special issue "A," appellee does not have syphilis. Special issue "E," appellee did not have a syphilic infection on and prior to June 28, 1935. Special issues "A" and "E" were given at the request and in the language of requested issues by appellant. These findings being supported by substantial evidence are binding upon this court, and are made the findings of this court.

Appellant's first complaint, as shown by its assignment of error, is: "The court erred in overruling the defendant's motion to enter in the cause an order requiring the plaintiff to submit himself for examination before a physician, or board of physicians, and to accord to it the rights and benefits in reference to medical examinations provided by section 4 of article 8306 [8307] of the Revised Civil Statutes of the State of Texas."

This assignment of error is supported by a proposition that represents appellant's conclusion as to the effect of the evidence. Hence, we have quoted the assignment of error, rather than the proposition. This assignment of error is based on a bill of exception, showing that the motion to require appellee to submit to a physical examination was presented and ruled upon

adversely to appellant, after appellee had closed its testimony in chief and appellant had also closed its testimony in chief, and when appellee was offering rebuttal testimony. The oral request, however, for such an examination was made in open court while appellee was on the witness stand and being subjected to cross-examination. When this request was made, some discussion arose between the attorneys for the opposing sides, and it appears that when the examination was first suggested it was tentatively accepted, but when it developed that the request was that the examination be made by physicians from a certain medical clinic in the city of Sherman, which physicans had theretofore examined appellee on behalf of appellant, and that the requested examination called for appellee's submission to the Wassermann test, of appellee's blood and of his spinal fluid, and the necessity of withdrawing a portion of the spinal fluid from the spine, appellee never consented to undergo such an examination. While the motion ruled upon by the court does not specifically mention that said Wassermann test be made, all parties seemed to understand such to be the request. The physicians who testified for appellant, as well as those on behalf of appellee, stated in effect that there was no external or objective symptoms of syphilis, and, if appellee was suffering from such disease in its tertiary stage, it could only be shown by a laboratory analysis of the spinal fluid.

The trial court attaches a long qualification to appellant's bill of exception, which shows a complete history of the way the question arose; of the number of examinations that had been made at the request of appellant; of the fact that appellee announced ready for trial, without any request for such examination; of the fact that the requested examination would call for a delay of from one to two days in the trial of the case to afford appellant such examination; of the fact that there was medical testimony, to the effect that the withdrawal of spinal fluid in appellee's then physical condition might be fraught with danger to his health and even to his mind; and the court then sums up the reasons for denying the motion as follows: "The length of time being required to make the test, the possible dangers, and the fact that the three doctors testifying belonged to the same clinic, had belonged to the same clinic all the period of time from the examination by Dr. Etter in 1932 down to the date of the trial, all of whom had made examinations of plaintiff, were all considered by the court, and were reasons in mind of the court in ruling that plaintiff would not be compelled to submit to another examination at this time."

That portion of section 4 of article 8307 of the Workmen's Compensation Act, as amended in 1931 (Acts 1931, c. 102, § 1 [Vernon's Tex.Civ.St.1936, art. 8307, § 4]), now reads: "When authorized by the board, the Association shall have the privilege of having any injured employee examined by a physician or physicians of its own selection, at reasonable times, at a place or places suitable to the condition of the injured employee and convenient and accessible to him. The Association shall pay for such examination and the reasonable expense incident to the injured employee in submitting thereto. The injured employee shall have the privilege to have a physician of his own selection present to participate in such examination. Provided, when such examination is directed by the board at the request of the Association, the Association shall pay the fee of the physician selected by the employee, such fee to be fixed by the Board."

■ The amendment to that portion of said section 4 is the addition of the introductory words "When authorized by the board." While some decisions seem to indicate that the statute is mandatory on the board, or in the instant case on the trial court, and requires the granting of such motion, regardless of any discretion of the trial court, we are of the opinion that, if such was the law, it has been changed by the amendment of the statute in the particular referred to. The decisions relied upon to show that the statute is mandatory on the trial court, and that the trial court has no discretion when such a motion is presented, are: Texas Emp. Ins. Ass'n v. Downing (Tex.Civ. App.) 218 S.W. 112; Indemnity Ins. Co. v. Murphy (Tex.Civ.App.) 53 S.W.(2d) 503. The earlier of said decisions was written before the amendment to section 4, and the latter, seemingly, was written without knowledge of the amendment. The words inserted by the amendment "when authorized by the board" indicate that there is given to the court the discretion that is a usual function of the trial court when any order is entered.

■ Regardless of what rule obtains with reference to the trial court, certainly it cannot be maintained that any statute or rule of law will compel a plaintiff, at the behest of a defendant, to submit himself to a test that might be attended with "grave danger to his physical being." One of the medical witnesses testified that it would not be safe to appellee's physical welfare to submit to the withdrawal of fluid from his spinal column, for the purpose of making the Wassermann test. The record shows no abuse of discretion by the trial court and we overrule this assignment of error. Petroleum Cas. Co. v. Bristow (Tex.Civ. App.) 35 S.W.(2d) 246; Indemnity Ins. Co. v. Murphy (Tex.Civ.App.) 53 S.W. (2d) 503; Texas Emp. Ins. Ass'n v. Downing (Tex.Civ.App.) 218 S.W. 112; Robinson v. Jackson, 116 N.J.Law, 476, 184 A. 811, 105 A.L.R. 1466, and authorities cited in the A.L.R. citation.

■ Appellant's second, third, and fourth propositions complain of the manner in which certain special issues were submitted, and, as the principal of law involved is the same, these propositions will be considered together. The specific complaint is that, by instruction of the court, if an issue was answered a certain way, the subsequent issue would not be answered. The first of these instructions precedes question No. 2, and is: "If you have answered question number one 'no,' you need not answer any of the following questions; on the other hand, if you have answered question number one 'yes,' you will then answer question number two." By question No. 1, the jury was submitted the issue as to whether appellee sustained an injury, in the course of his employment, on the day in question. Question No. 2 is as to whether appellee's alleged injuries, received on such day, caused or contributed to cause an incapacity to work. Under this issue, the jury was told to answer only in the event they found, in response to question No. 1, that appellee sustained an injury in the course of his employment.

Unquestionably, the instruction given tended, at least, to convey to the jury the fact that, if, in response to question No. 1 it found appellee was not injured, the legal effect of such answer was to defeat appellee's lawsuit. Under the theory of the special issue law of this state, such knowledge should not have been conveyed to the jury by the court. However, we think such manner of submission, if error,

was harmless, for the reason that the jury, composed of sensible men, must have known, in fact could not help but know, independent of such instruction by the court, that a finding in response to question No. 1 that appellee was not injured on the occasion in question would defeat his lawsuit. The jury must have known that appellee's lawsuit was based solely on his being injured by his alleged fall into the ditch on which he was working. Schroeder et al. v. Rainboldt et al. (Tex.Com.App.) 97 S.W.(2d) 679, 684, was reversed, because of a similar error in submission by the trial court. In the reported case, special issue No. 1 was a submission of the issue of "unavoidable accident," the suit being based on an alleged negligent collision of two automobiles. Special issue No. 1 in the reported case was followed by numerous other issues and the jury was instructed not to answer any of these subsequent issues, if it found the alleged collision resulted from an "unavoidable accident." It could not be presumed in that case that the jury knew the legal effect of a finding that the collision resulted from an "unavoidable accident," hence the error in the submission of the issue was not harmless. If in the reported case the issue of plaintiff's having received injuries had been a contested issue of fact and special issue No. 1 had been a submission of the issue as to whether plaintiff was injured in the collision, and the jury had been instructed that, if they answered such special issue "No," then they need not answer any of the issues subsequently submitted, the case would have been parallel with this case, and we apprehend that the learned judge who wrote that opinion in the reported case would not have reversed it for such submission, because, in such supposed issue, as in the instant case, the jury must have known, independent of any instruction by the court, that plaintiff's suit would fail if he failed to prove to their satisfaction an injury.

The court submitted in separate special issues, as to whether appellee suffered total incapacity, and whether such total incapacity was permanent, and then qualifiedly submitted, in response to appellee's alternative pleas, whether he sustained partial incapacity. This qualified submission was that the jury were told in separate charges not to answer any issue submitting partial incapacity if answers previously had been made finding that appellee was totally and permanently disabled. In obe-

dience to such instructions, none of the special issues in respect to partial incapacity were answered by the jury. Appellant urges that, by this manner of submission, the court committed reversible error, in that appellee's pleadings raised the issue of partial incapacity and such character of disability was supported by substantial evidence, and the jury, because of such manner of submission, was not permitted to consider the issue of partial incapacity. This manner of submission may or may not be reversible error. Schroeder et al. v. Rainboldt et al. (Tex.Com.App.) .97 S.W.(2d) 679; Grasso v. Cannon Ball Motor Freight Lines, 125 Tex. 154, 81 S. W.(2d) 482, 487.

Appellant's entire defense, as shown by its pleadings, is that appellee did not sustain the fall alleged and did not suffer any injury on such occasion or on any other occasion, while working for his employer; that, if he was actually now suffering from any incapacity to work, it was caused solely by a disease, with no injury forming a contributing cause. Appellant, therefore, presented no affirmative pleading of partial incapacity resulting from any injury. On the other hand, appellee alleged total and permanent incapacity as his primary case and, only in the event that he should fail to establish, to the satisfaction of the jury, such total and permanent incapacity, did his pleading present the issue of partial incapacity.

■■■ It is elementary that a plaintiff has the right to a submission of the case he has made by his pleading, provided he has supported such pleading by substantial evidence. It is likewise elementary that a defendant has the right to an affirmative submission of his pleaded defenses, provided there is substantial evidence to support such pleading. The manner of submission adopted by the trial court was a submission of the issues made by appellee's pleading in exact conformity to the case so made; that is, as appellee had only pleaded partial incapacity in the alternative, the issues as to partial incapacity were only submitted in the alternative. If the jury should find that appellee was totally and permanently incapacitated to work, as a result of his injuries, then appellee's alternative plea went out of the case as a pleading and could form no basis for a submission in behalf of appellee of the issues of temporary incapacity. As such submission was simply giving to ap-

pellee his right to a submission of the case made by his pleading, appellant could have no ground of complaint, unless it had, by some affirmative pleading, also presented the issue of partial incapacity caused by the injuries received. If appellant had presented such an affirmative defense, then the court should not have submitted the issues of partial incapacity in the qualified manner that such issues were submitted; for, while such submission would have submitted the case as made by the pleading of' appellee, yet it would have infringed upon the right of appellant to have its affirmative defenses submitted in response to affirmative pleadings. Texas Emp. Ins. Ass'n v. McNorton (Tex.Civ. App.) 92 S.W.(2d) 562, and authorities therein cited; Grasso v. Cannon Ball Freight Lines, 125 Tex. 154, 81 S.W.(2d) 482, and authorities therein cited; San Antonio Public Service Co. v. Murray (Tex.Civ.App.) 59 S.W.(2d) 851, and authorities therein cited.

The affirmative defenses pleaded by appellant were submitted to the jury by special issues "A" and "E," in the very language requested by appellant. It appears, therefore, that each party had his case submitted precisely as made by their respective pleadings. We overrule all assignments of error in respect to the manner in which the case was submitted.

■■ . Appellant's fifth proposition complains of error in respect to the submission of special issue No. 2, reading: "Do you find from a preponderance of the testimony that the injuries, if any, received by Jimmie Arnold on or about June 28, 1935, caused or contributed to cause an incapacity to work?" The specific complaint is that appellee's pleading alleged only that the injuries caused the alleged incapacity and did not include the phrase "contributed to cause," as submitted by the court. The legal effect is the same, whether the injuries complained of caused the incapacity to work, or "contributed to cause" such incapacity. No surprise was claimed and appellant suffered no injury. There was no reversible error in the court's including the phrase "contributed to cause" in the submission, under the circumstances of this case. Walton v. Thomas (Tex.Civ.App.) 84 S.W.(2d) 539; Security Union Ins. Co. v. Gullett (Tex. Civ.App.) 36 S.W.(2d) 1085; Employers' Liability Assur. Corp., Ltd., v. Neely (Tex.Civ.App.) 60 S.W.(2d) 836; Good-

692

win v. Abilene State Bank (Tex.Civ.App.) 294 S.W. 883.

■ Appellant's sixth proposition complains of error in the ruling of the court in not sustaining its objection to the question and the answer of the witness, Dr. J. A. Swofford, to the question: "Now, after hearing everything as you have heard it, in connection with this man, and knowing the man personally, and from those examinations which he has had, you have given him, and your hearing the case here in the court room, and your knowledge of the man, in your opinion, has this man got syphilis, or has he not?" to which appellant objected, "We object to that as calling for the opinion and conclusion of the witness, for the jury to draw. It is entirely too general, an improper question, and from the witness' experience he does not, and could not, know." To aid its objection, appellant was permitted to elicit from the witness the fact that he had given appellee no syphilitic test. The objection overruled, the witness answered, "I saw no reason to think that he might have syphilis." There was no error in this ruling. When the answer of the witness is considered, it is simply in effect that the medical witness found no objective symptoms of said disease, and the undisputed evidence shows that, at the time of the trial, the appellee presented no objective symptoms of such disease. The assignment of error is overruled.

■ The seventh and eighth propositions relate to parts of the closing argument to the jury by one of appellee's counsel. No formal bill of exception was taken to either argument, hence there is no certificate of the trial court to the effect that each argument was made as set out in appellant's assignments of error, which assignments constitute, respectively, the twenty-eighth and twenty-ninth paragraphs in the motion for a new trial.

Article 2237, R.C.S., and its nine subdivisions relate to the taking of a bill of exception, prior to the amendment of 1931 by the 42d Legislature, First Called Session, p. 75, c. 34, § 1 (Vernon's Tex.Civ. St.1936, art. 2237, subd. 2a). There is no question but that, prior to the amendment of said article, without a formal bill of exception and an assignment of error thereon, the question of the argument of counsel could not have been considered. Du Bois v. Tyler (Tex.Civ.App.) 219 S. W. 211; article 2237, R.C.S., and its sub-

divisions, Vernon's Tex.Civ.St.1936; Continental Cas. Co. v. McKinnon (Tex.Civ. App.) 87 S.W.(2d) 548.

Subdivision 2a of article 2237, supra, was added by the 1931 amendment, and appellant contends that said subdivision avoids the necessity for a formal bill of exception to the argument complained of. In other words, it is contended by appellant that, since subdivision 2a had been added to article 2237, supra, a formal bill of exception is not necessary to the validity of an assignment of error excepting to the argument of counsel in the trial of a case, and that the court now is not allowed the privilege of passing upon the correctness of such an assignment, or of modifying same, and the alleged offending counsel is not now given the opportunity to examine a formal bill of exception on argument and state his objections thereto. Whether this contention is correct must be determined from the terms of subdivision 2a, supra, which reads: "All objections to the admission or exclusion of evidence and exceptions to the ruling of the court upon the admission or exclusion of evidence or other matters may be shown by the official stenographer's transcript of the evidence, known as a statement of facts in question and answer form, all as hereinafter provided in Article 2239, and no formal bill of exception to the admission or exclusion of evidence or to any of the court's rulings shall be required where the matters complained of, the objections, the court's ruling, and exceptions thereto clearly appear of record in said transcript of evidence, or statement of facts in question and answer form; provided, however, that in any case where such matters do not clearly appear of record the parties may, if they so desire, prepare and have approved and filed, as otherwise provided by law, a formal bill of exception." It necessarily follows that, if the matter under inquiry is not included in subdivision 2a, the old rule as to preparing and filing bills of exception, to the argument of counsel, is still in force. The matter of preparing such a bill of exceptions is taken care of in other subdivisions of article 2237.

The matter forming the substance of the two assignments of error under review does not come within any of the provisions of said subdivision 2a. It is not a complaint about the admission or exclusion of evidence; nor is it a complaint about any

ruling of the trial court, because, as stated by appellant in its brief, the court instructed the jury not to consider either of these arguments, and such instruction is not the basis of this complaint. We, therefore, hold that these assignments of error to the argument of counsel for appellee cannot be considered.

Appellant's ninth proposition claims error because of the failure of the court to permit the jury to answer the issues submitted as to appellee's partial incapacity to labor. Appellant presented no affirmative pleading as to partial incapacity. Appellee's pleading of partial incapacity was an alternative pleading, to be considered only in the event of his failure to establish total and permanent incapacity to the satisfaction of the jury. Under such condition, as stated in effect in other portions of this opinion, appellee has no just ground of complaint.

It necessarily follows that, in our opinion, this record presents no reversible error, and that the judgment of the trial court should be affirmed. It is so ordered.

Affirmed.