## HARTFORD ACCIDENT & INDEMNITY CO. v. WALLACE.

### No. 4618.

Court of Civil Appeals of Texas. Beaumont.

Sept. 22, 1949.

Rehearing Denied Oct. 19, 1949.

Cecil, Keith & Mehaffy, Beaumont, for appellant.

Adams & Browne, Beaumont, for appellee.

R. L. MURRAY, Justice.

This is a Workman's Compensation case. The appellee sued the appellant insurance company for compensation for total disability for a period of 150 weeks and recovered judgment for such compensation sued for.

The disposition of this appeal must be determined by our view of the controversy between the parties as reflected in the appellant's first point. Appellant's first point is as follows: "It was error for the trial court to deny the defendant the right to a

medical examination by a physician of its own choice when such motion for medical examination was duly and timely made in ample time prior to the trial for such motion to have been granted where the defendant agreed to pay all of the expenses of the plaintiff for the purpose of attending such medical examination, and to pay the expense of the plaintiff's own physician for the purpose of attending such medical examination". The controversy presented here by the briefs revolves around the meaning of the phrase, "physician of its own choice", as applied to the facts of the case. Appellee Wallace was a Negro working for Turner Construction Company, and while so working an ax fell about 10 or 15 feet and struck him in the back. The boss of the gang with which Wallace was working sent him to Dr. J. B. Matthews, a Negro doctor in Port Arthur. Dr. Matthews had treated other injured employees whose employers were insured by the appellant and he treated Wallace for his hurts at that time. This injury occurred in June, 1947. The suit got into the District Court of Jefferson County in the early part of 1948, and went to trial on October 26, 1948. Over six months before that date the insurance company filed a motion for a medical examination of Wallace and stated in the motion, among other things, that since the principal issue involved in the case was the nature and extent of Wallace's injury and disability, the ends of justice would best be served by producing in court an up-to-date medical opinion as to his condition. Such motion designated Dr. J. C. Crager of Beaumont as the physician it chose to make the examination. On October 1, 1948, the trial court entered an order on said motion after a hearing thereon, whereby it was ordered and decreed that "plaintiff (Wallace) shall continue to hold himself in readiness to submit to a physical examination at the hands of either or both of defendant's Doctors Bell and/or Matthews at the convenience of the defendant". Such order further ordered that the motion should in all things be denied. It is evident from a reading of the Bill of Exceptions in regard to this motion and hearing

thereon that the appellee took the view that Dr. Matthews and his associate, Dr. Bell, by the fact that they were chosen to treat Wallace when he first got hurt and treated him as long thereafter as he desired to go to them, were permanently elected as the physicians of the insurance company's choice. The trial court agreed with the appellee in this view, since he ordered a medical examination, not by Dr. Crager, the physician chosen in the motion of the insurance company, but at the hands of Drs. Matthews and Bell. The appellee throughout his brief has adopted this view and urges throughout the brief that the trial court had granted the insurance company an up-to-date medical examination by two physicians of its choice, Drs. Matthews and Bell, and that the act of the trial court in doing so did not evidence any abuse of its discretion in the matter.

We disagree with this view of the permanence of the choice of the physician by the insurance company. We think the statute under which this controversy arose, Article 8307, Section 4, Revised Civil Statutes of Texas, Vernon's Ann.Civ.St. art. 8307, § 4, does not limit the insurance carrier in its choice of a physician to make an examination of an injured employee to the first physician who treated the injured man. The injured man here received his injury in June, 1947, and claimed in his suit that the injury had caused injuries to his back and spine and to the nerves, tendons and vertebrae thereof and the disc thereof, and injured and damaged his left hip and the muscles, tendons, ligaments and nerves thereof; that it had caused him an irregularity in the contour of certain segments of his spine and scoliosis of his spine, and hypertrophic spurs on contiguous body margins of his spine; that it had caused an injury to the nucleus pulposus of his lower spine; and claimed that such injuries totally disabled him and that such total disability would last for 150 weeks. He also pleaded in the alternative that the injury had aggravated a preexisting condition in his back and spine. It is evident that medical testimony in regard to Wallace's condition at the time of the trial and shortly prior thereto was essential to a

fair presentation of the insurance company's side of the case, and this fact was recognized by the trial court in its order on the motion. Such order called for and required a medical examination. Since the physician chosen by the appellant to make the examination was Dr. J. C. Crager, the court should have ordered the appellee to submit to the examination by Dr. Crager and it was error to deny a motion of the appellant to that effect.

The motion for the medical examination was presented to the court in ample time for the examination to be made without any interruption or delay of the trial and with no expense to the appellee. We are unable to understand the continued and stalwart efforts of appellee's attorneys to restrict appellant in its choice of an examining physician to the one who had been attending him for the company prior to the trial. They are apparently thoroughly convinced that the insurance company had no choice in the matter, and if their client was to be examined again it could be done only by Drs. Matthews and Bell. We think the plain reading of the statute negatives such a construction. To make our holding as plain as possible, we say again that since the insurance company had the right to have the injured appellee examined by a physician of its own selection, it had the right to select Dr. Crager or any other doctor at the time it made the request for the examination, and was not limited to the doctor who had theretofore been treating the appellee.

The other two points on which appellant brings this appeal complain of the action of the trial court in overruling its motion for peremptory instruction and motion for judgment non obstante veredicto. Both points are based on its contention that the record established that appellee was not in the course of his employment with C. H. Turner Construction Company at the time he was hurt. We make no discussion of these points except to say that in our opinion questions of fact were raised by the evidence, and such controversies were decided in favor of the appellee by the verdict of the jury. Both appel-

lant's 2nd and 3rd points are overruled for this reason.

Because of the trial court's error in denying the appellant's motion for a medical examination of the appellee by the physician of its selection, the cause is reversed and remanded for a new trial and for proceedings not inconsistent with this holding.