## MONTGOMERY WALLACE V. HARTFORD ACCIDENT AND INDEMNITY COMPANY.

No. A-2439. Decided January 25, 1950.
Rehearing overruled February 22, 1950.
(226 S. W., 2d Series, 612.)

504

*Adams & Browne* and *Ernest J. Browne,* all of Beaumont, for petitioner.

The Court of Civil Appeals erred in holding that the trial court had abused its discretion in overruling the motion of the insurer to require an additional examination by a physician of its own choice, when the record showed that the insured had been examined and treated by two of insurer's physicians until they refused to any longer treat the injured employee, although one of said physicians was called by it to testify at the trial. Texas Emp. Ins. Assn. v. Arnold, 105 S. W. (2d) 686; Casualty Reciprocal Exchange v. Stephens, 45 S. W. (2d) 143; Austin & N. W. Ry. Co. v. Cluck, 77 S. W. 403.

*Cecil, Keith & Mehaffy* and *Quentin Keith,* all of Beaumont, for respondent.

The Court of Civil Appeals correctly interpreted the law by holding that it was error for the trial court to deny the compensation insurance carrier the right to a medical examination by a physician of its own choice when said motion was made in ample time prior to the trial. Texas Emp. Ins. Assn. v. Downing, 218 S. W. 112; Indemnity Ins. Co. of N. A. v. Murphy, 53 S. W. (2d) 503; Texas Emp. Ins. Assn. v. Adcock, 27 S. W. (2d) 363.

MR. JUSTICE HART delivered the opinion of the Court.

This is a workmen's compensation case in which the judgment of the district court in favor of the employee has been reversed by the court of civil appeals on the ground that the district court erred in refusing to grant the insurer's motion for a medical examination of the employee by a doctor selected by the insurer, as provided in Art. 8307, Sec. 4, Vernon's Ann. Civ. St. 223 S. W. (2d) 528.

The petitioner was a negro laborer employed by C. A. Turner Construction Company, which carried workmen's compensation insurance with the respondent. He was injured on June 12, 1947, and filed his suit as an appeal from the Industrial Accident Board on November 8, 1947, against the insurance company, as defendant. On April 8, 1948, the defendant filed its motion for a medical examination, alleging that the plaintiff had never been examined by a physician of the defendant's own selection, that the plaintiff had refused upon request to submit to such an examination, that justice required that such an examination should be made so that up-to-date medical evidence of the plaintiff's physical condition would be available, that the defendant was willing to comply with all of the requirements of Art. 8307, Sec. 4, including the payment of expenses, and that the defendant selected Doctor J. C. Crager to make the examination. The plaintiff's answer to this motion, filed on April 14, 1948, alleged that after his injury the plaintiff was sent by his employer to Doctors Matthews and Bell for examination and treatment, that these doctors examined and treated the plaintiff as defendant's physicians, that Doctor Crager had never examined the plaintiff and knew nothing of the plaintiff's injuries, that the purpose of defendant's request was to multiply medical witnesses against the plaintiff, that the plaintiff had always been and still was willing to submit to further examined by Doctors Matthews and Bell or either of them.

The district court began a hearing on the motion on April 16, 1948. The defendant primarily rested on its verified motion. The plaintiff introduced evidence showing that the defendant filed with the Industrial Accident Board a report of an examination of the plaintiff by Doctor Matthews, that Doctor Matthews was a duly licensed and registered practitioner of medicine, that he examined and treated the plaintiff following his injury at the request of the foreman of plaintiff's employer and made reports to the defendant and was paid by the defendant, that over a perior of two years previously he had been doing work for the defendant, that Doctor Bell had treated the plaintiff at Doctor Matthews' request and had been paid by Doctor Matthews. The defendant showed that both Doctor Matthews and Doctor Bell are colored, but no evidence was offered to show that they are not competent physicians.

Neither the bill of exception nor the rest of the transcript shows that any action was taken by the court on the defendant's motion until October 1, 1948. The bill of exception contains a copy of an order which on its face indicates that it was entered on October 1, 1948, denying the defendant's motion, but pro-

viding that the plaintiff should "continue to hold himself in readiness to submit to physical examination at the hands of either or both of defendant's doctors Bell and/or Matthews, at the convenience of the defendant." The transcript contains an order with the same recitations as in the order copied in the bill of exception, but containing also certain other recitations, including the provision that the plaintiff should "submit to such X-ray examinations as said doctors (Bell and Matthews) may deem necessary," and reciting at the end that the order was rendered on October 28, 1948.

The bill of exception also recites certain evidence and the oral motions and arguments of counsel at the trial on the merits, which began on October 26, 1948. This evidence shows that the plaintiff had been examined by two doctors of his own choice, one of whom was an X-ray specialist, that these doctors testified on his behalf, and that defendant's counsel objected to the court's refusal to require the plaintiff to submit to examination, on the grounds that thereby the defendant was restricted to the testimony of a negro doctor and that this odctor did not have adequate X-ray equipment, but only a fluoroscope. The bill of exception does not show what order was entered by the court after these proceedings at the trial, but elsewhere in the transcript it appears that the order of October 28, referred to above, was then entered. The statement of facts reporting the proceedings at the trial shows that the court made the following oral ruling:

"I will permit you to put it in as a bill of exception. I frankly said to you that I have all sympathy with you as an attorney. This Court at all times in the past, where the record shows, as it does in this case, that the company made this doctor their doctor and paid his bills and had him treat the plaintiff, has ruled that they have constituted him a doctor of their selection. The record further discloses at the time of the hearing before this court seeking additional medical examination, the Court ordered him to report back to the doctor that the company had made their doctor, with this further statement, that if it was necessary, or found necessary by his doctor or doctors that had examined him that x-rays be made, that x-rays should be made. This Court is not responsible for the selection of the doctor by these various companies that are carrying compensation insurance."

The statement of facts further shows that at the trial on October 28, 1948, the defendant offered Doctor J. B. Matthews as its witness and proved his qualifications as an expert. It was

brought out on cross-examination that he had been treating and examining men for the defendant for about three years and that he had testified in court for the defendant on other occasions.

The portion of Art. 8307, Sec. 4 on which the defendant based its motion reads as follows:

"When authorized by the board, the Association shall have the privilege of having any injured employee examined by a physician or physicians of its own selection, at reasonable times, at a place or places suitable to the condition of the injured employee and convenient and accessible to him. The Association shall pay for such examination and the reasonable expense incident to the injured employee in submitting thereto. The injured employee shall have the privilege to have a physician of his own selection present to participate in such examination. Provided, when such examination is directed by the board at the request of the Association, the Association shall pay the fee of the physician selected by the employee, such fee to be fixed by the Board."

It is settled, as is conceded by both parties, that this statute, although it expressly refers only to the board, authorizes a court before which an appeal from an order of the Industrial Accident Board is pending, to order an examination of a claimant. Texas Employers' Ins. Ass'n v. Downing, Tex. Civ. App., 218 S. W. 112, writ refused; Indemnity Ins. Co. of North America v. Murphy, Tex. Civ. App., 53 S. W. (2d) 503. Before this statute was amended in 1931, it was held that the matter of ordering an examination was discretionary with the trial court. Texas Employers' Ins. Ass'n v. Downing, supra; Texas Employers' Ins. Ass'n v. Knouff, Tex. Civ. App., 271 S. W. 633, writ refused; Texas Employers' Ins. Ass'n v. Adcock, Tex. Civ. App., 27 S. W. (2d) 363, writ dismissed; Petroleum Casualty Co. v. Bristow, Tex. Civ. App., 35 S. W. (2d) 246, writ dismissed; United States Fidelity & Guaranty Co. v. Nettles, Tex. Com. App., 35 S. W. (2d) 1045; Casualty Reciprocal Exchange v. Stephens, Tex. Com. App., 45 S. W. (2d) 143. Apparently to clear up any doubt as to whether the rule of discretion applied to the situation where the insurance company requests an examination by a physician of its own selection, the 1931 amendment added the words now at the beginning of the paragraph we have quoted above from Art. 8307, Sec. 4, "when authorized by the board." The effect of this amendment is to make it plain that the granting of a motion such as was made in this case is within the discretion of the trial court. Texas Employers' Ins.

Ass'n v. Arnold, Tex. Civ. App., 105 S. W. (2d) 686; United Employers Casualty Co. v. Curry, Tex. Civ. App., 152 S. W. (2d) 862; Associated Employers Lloyds v. Tullos, Tex. Civ. App., 197 S. W. (2d) 210, writ refused, n. r. e.

■ It is clear that there is evidence in the record from which the district court could reasonably conclude that Doctors Matthews and Bell had represented the defendant in treating and examining the plaintiff. The court of civil appeals took the view that the district court's refusal to require the plaintiff to be examined by another doctor was based on the holding that as a matter of law the defendant was restricted to the doctors who had previously been treating the plaintiff. We do not so construe the district court's holding; rather, we think it should be sustained on the ground that the district court was exercising the discretion granted to it by the law to grant or refuse the defendant's request, in whole or in part. While the defendant is certainly not restricted as a matter of law to any certain number of doctors, nor is it permanently limited to any doctor because it has previously used him, still we think that the court has discretion in determining how many different doctors it will require the claimant to allow to examine him and whether the claimant must submit to examination by other doctors than those previously selected to treat him. The record does not show as a matter of law that Doctors Matthews and Bell were incompetent or that they were not credible witnesses. The fact that they were colored cannot be said as a matter of law to require a holding that the district court erred in not requiring an examination by another doctor. The defendant did not make any specific request for an X-ray examination in its motion, and it does not appear that Doctor Crager was an X-ray specialist. It does appear that the court was willing to require such X-ray examinations as Doctors Matthews and Bell desired. On the record before us we think that the respondent has failed to show an abuse of discretion on the part of the trial court.

The respondent, as appellant in the court of civil appeals, attacked by several assignments the action of the district court in denying its motion for judgment at the conclusion of the evidence and its motion for judgment non obstante veredicto. The court of civil appeals overruled these assignments, and we think that it was correct in doing so.

■ A single point was raised by respondent to sustain its contention that judgment should have been entered in its favor; namely, that the evidence shows as a matter of law, contrary to

the findings of the jury, that at the time of the injury the plaintiff was an employee of The Texas Company, as a borrowed servant, and was in the course of such employment, instead of being an employee of C. A. Turner Constuction Company, which was his general employer. The sole basis for the respondent's contention is certain testimony of the plaintiff on cross-examination that on the day of his injury the plaintiff was working under a foreman named Wallace who was an employee of The Texas Company. The respondent before the trial admitted under oath of its attorney that on the date of his injury the plaintiff was an employee of C. A. Turner Construction Company. The testimony of other witnesses was to the effect that the plaintiff was working in a gang under a foreman hired by C. A. Turner Construction Company. No evidence was offered of any contract between The Texas Company and C. A. Turner Construction Company whereby C. A. Turner Construction Company loaned any of its employees to The Texas Company. The evidence is undisputed that the plaintiff was paid by C. A. Turner Construction Company. With the record in this state, the district court did not err in overruling the respondent's motions for judgment at the close of the evidence and for judgment non obstante veredicto. Casualty Underwriters v. Rhone, 134 Texas 50, 132 S. W. (2d) 97; Hartford Accident & Indemnity Co. v. Addison, 5 Cir., 93 Fed. (2d) 627; Gipson v. Skelly Oil Co., 5 Cir., 152 Fed. (2d) 588.

The judgment of the court of civil appeals is reversed and the judgment of the district court is affirmed.

Opinion delivered January 25, 1950.

Rehearing overruled February 22, 1950.