**BOSTON INSURANCE COMPANY,**
Appellant,

v.

**William Louis PALMER, Appellee.**

No. 3586.

Court of Civil Appeals of Texas.

Eastland.

Jan. 27, 1961.

Rehearing Denied Feb. 17, 1961.

Kelley, Looney, McLean & Littleton, Edinburg, for appellant.

Arthur A. Klein, Harlingen, for appellee.

COLLINGS, Justice.

This is a workmen's compensation case. William Louis Palmer brought suit against Boston Insurance Company seeking to recover total and permanent compensation benefits because of accidental injuries sustained by plaintiff while working as an employee of The Triplett Implement Company, Inc., on March 4, 1958. Upon a trial before the court, judgment was entered awarding plaintiff the sum of $10,390.56. Boston Insurance Company has appealed.

Appellant presents one point of error in which it is urged that the court erred in denying its motion for medical examination of appellee by a competent orthopedic surgeon in connection with appellant's motion for new trial. Appellant contends that there was a surprising contradiction in the testimony and statements of its own witness who was a competent orthopedic surgeon. The only question on this appeal is whether the court abused its discretion in refusing to order a medical examination after the trial so that appellant could prepare its motion for new trial. The point in our opinion is not well taken.

Article 8307, Section 4, Vernon's Ann. Civ.St., provides that the Industrial Accident Board may require any employee claiming to have sustained injury to submit himself for examination before such Board or someone acting under its authority at some reasonable time and place. It has been held by our Supreme Court that the above statutory provision authorizes a court before which an appeal from the Board's order is pending to order an examination of a claimant by an insurance carrier's physician. Wallace v. Hartford Accident & Indemnity Co., 148 Tex. 503, 226 S.W.2d 612. Our Supreme Court has also held that the right of an insurer to have such an employee examined at a reasonable time and place by a physician of its own selection is subject to the sound discretion of the trial court. Eubanks v. Texas Employers' Insurance Ass'n, 151 Tex. 67, 246 S.W.2d 467.

The evidence shows that appellee Palmer had been attended by several physicians after his injury on or about March 4, 1958. One medical doctor, two chiropractors and two lay witnesses, including appellee, testified on behalf of appellee concerning the nature and extent of his injury. The testimony of these witnesses was to the effect that appellee was seriously injured, that he was not able to work at the time of the trial and had not been able to work since the time of his injury and that he was either permanently and totally disabled or totally disabled for several years and that he would thereafter suffer partial disability.

Appellee Palmer was also examined and treated by Dr. W. J. Maxwell, a competent qualified orthopedic surgeon who had been selected by appellant insurer to examine and treat appellee. Appellee was paid compensation after his accidental injury on March 4, 1958, until the 16th of January, 1959, when appellant stopped compensation payments. At the request of the insurer, Dr. Maxwell examined appellee shortly before the trial on the merits. At the time of the trial appellee offered to be examined at any time before the case was completed. The trial court also offered appellant the opportunity for examination

during the trial and indicated that appellant would be allowed sufficient time to present any defense desired after the examination. Appellant, however, made no request for examination during the trial or before judgment was actually entered.

The case was tried on the 21st day of December, 1959, and judgment was pronounced at the conclusion of the trial. However, judgment was not entered until February 8, 1960. The motion for additional examination which appellant asserts that the court erred in refusing to grant was not filed until February 18, 1960. This motion alleges that Dr. Maxwell was the only competent orthopedic surgeon testifying in the case and that the doctor's testimony at the trial was different from statements previously made to an adjuster for the insurance company. Attached to the motion was an affidavit by the adjuster asserting the truth of the allegations set out therein. The affidavit asserted, in effect, that Dr. Maxwell had assured the adjuster that there was nothing seriously wrong with Palmer and that he had at all times been able to return to work and was suffering from little, if any, disability as a result of his accident. The testimony of Dr. Maxwell upon the trial was inconsistent with the statements in the affidavit of the adjuster. Dr. Maxwell testified that he had treated appellee since July 14, 1958, and had placed a brace on his neck on August 12, 1958; that he examined appellee on October 30, 1959, at the request of appellant. He testified that appellee Palmer had pain, that he could not use some of his fingers, that he had difficulty in raising his left shoulder, that he had weakness in his neck and that he would recommend intensive physiotherapy, light exercises gradually increasing, and medication as necessary. Dr. Maxwell denied telling the insurance company that appellee was able to go back to work and stated that he was not able to

work in January of 1959 or at the time of the trial and that it would be a long time before he would be able to go back to work even with physiotherapy treatments. He admitted telling the insurance company that they ought to make a settlement.

The only ground urged by appellant as a basis for appeal is the contention that the action of the court in refusing to order appellee to submit to an examination by a competent physician after judgment was an abuse of discretion constituting reversible error. Appellant had ample opportunity during the trial of the case both before and after the testimony of its witness, Dr. Maxwell, to have appellee Palmer examined by a physician of its own choice. Both appellee and the court offered such an examination to appellant at the time of the trial on December 21, 1959. It is further noted that although judgment was pronounced at the conclusion of the trial, judgment was not actually entered until February 8, 1960. There was no request by appellant for an examination during the trial, before judgment was pronounced on or about December 21, 1959, or at any time before judgment was entered on February 8, 1960. No request was made by appellant for an examination until February 18, 1960.

We do not find it necessary to pass upon appellee's contention that the court had no authority under the Workmen's Compensation Law to order a medical examination of an injured employee at the request of the insurer after trial and after judgment had been entered. It is sufficient to say that in any event the record does not show an abuse of discretion on the part of the trial court in refusing the examination. Eubanks v. Texas Employers' Insurance Ass'n, supra. Appellant's point so contending is overruled.

The judgment is affirmed.