Glenda Francene MOORE,
Relator,

v.

Honorable Joe JOHNSON, Judge, 170th
District Court, McLennan County,
Texas, Respondent.

No. 10–89–222–CV.

Court of Appeals of Texas,
Waco.

Jan. 25, 1990.

F.B. Harvie, Jr., Waco, for relator.

Steve L. Moody and Beverly Willis
Bracken, Naman, Howell, Smith & Lee,
P.C., Waco, for respondent.

OPINION

MEANS, Justice.

This is an original mandamus action in
which Relator Glenda Moore seeks relief
from an order entered by Judge Joe John-
son, presiding judge of the 170th District
Court, McLennan County, Texas, compel-
ling her to submit to a physical examina-
tion by one of four neurosurgeons at Scott
& White Clinic. The court ordered Moore
to undergo a physical examination as re-
quested by Texas Employers' Insurance
Association (TEIA) outside the presence of
her chiropractor. Moore contends that ar-
ticle 8307, section 4(b), of the workers' com-
pensation statutes applies to workers' com-
pensation proceedings in the district court,
governing physical examinations of the
claimant ordered by the court and giving a
claimant the "privilege" of having a per-
sonal physician or chiropractor present "to
participate in" a physical examination per-
formed at the request of the compensation
carrier. TEX.REV.CIV.STAT.ANN. art.
8307, § 4(b) (Vernon Supp.1990). Moore
argues that she is entitled to mandamus

relief because the court violated a duty imposed by law when it ordered her to submit to a physical examination by a neurosurgeon and excluded her chiropractor from the examination. The writ is denied.

In August 1988, Moore was awarded damages by the Texas Industrial Accident Board (IAB) for injuries she claims to have sustained to her lumbar spine and related nerves in the course and scope of her employment. TEIA filed suit in the 170th District Court to set aside the award of the IAB.

In September, Moore reported to the offices of Dr. Robert Saxton, a local neurosurgeon, to voluntarily undergo a physical examination requested by TEIA. Moore's personal chiropractor accompanied her to Dr. Saxton's office for the examination. Dr. Saxton refused to examine Moore in the presence of the chiropractor.

TEIA filed a motion requesting that the court order Moore to submit to a physical examination outside the presence of her chiropractor. TEIA's motion asked that the examination be conducted by Dr. Robert H. Saxton or other qualified neurosurgeon whom the court deemed appropriate. Exhibits attached to TEIA's motion reflected the impossibility of finding a qualified neurosurgeon in the area who would agree to perform the examination in the presence of a chiropractor. On May 25, 1989, the court ordered that Moore be examined by either Dr. Chang, Dr. Kanter, Dr. Smigiel or Dr. Todd of Scott & White Clinic without her chiropractor present.

Moore filed her Petition for Writ of Mandamus to compel Judge Johnson to set aside his May 25 order, relying on section 4(b) of article 8307, which provides in pertinent part:

The Association shall have the privilege of having any injured employee examined by a physician or physicians, chiropractor or chiropractors of its own selection, at reasonable times, at a place or places suitable to the condition of the injured employee and convenient and accessible to him.... The injured employee shall have the privilege to have a physician or chiropractor of his own selection present to participate in such examination.

*See id.* Moore, assuming that the statute applies to trial *de novo* proceedings, argues that its language is clear and unambiguous and that the court ignored the mandatory privilege conferred upon her by the statute in direct violation of the law.

TEIA takes the position that section 4(b) applies only to proceedings before the IAB and that medical examinations ordered by the court as part of *de novo* proceedings are controlled exclusively by Rule 167a of the Rules of Civil Procedure, "Physical and Mental Examination of Persons." *See* TEX.R.CIV.P. 167a. TEIA points out that under Rule 167a the trial court has broad discretion in ordering independent physical examinations, unfettered by the limitations and restrictions of section 4(b), and that Moore is not automatically entitled to have her personal physician or chiropractor present at an examination ordered pursuant to Rule 167a.

The plain language of article 8307, section 4, and specifically section 4(b), reflects on its face that it applies to claims pending before the IAB. This section of the workers' compensation statute specifically addresses the IAB's authorization of physical examinations and, as well, possible future action by the IAB, such as the scheduling of a prehearing conference, depending upon the outcome of the independent physical examination. According to section 4(b), "[t]he Board shall authorize the examination only after the Association has attempted and failed to receive the permission and concurrence of the claimant or his attorney or representative." TEX.REV.CIV.STAT. ANN. art. 8307, § 4(b) (Vernon Supp.1990). Section 4(b) also specifies that the examination reports are not admissible in the event of a trial *de novo*.

The remaining provisions of section 4 detail the practice and procedure before the IAB; for example, the IAB and its members are given "the power to subpoena witnesses, administer oaths, inquire into matters of fact, examine such parts of the books and records of the parties to a proceeding as relate to questions in dispute,

punish for contempt in the same manner and to the same extent as the District Court may do." *See id.* at art. 8307, § 4(c). Subsection (e) of article 8307, section 4, provides that one who is adversely affected by an IAB award is entitled to judicial review of the IAB decision by a trial *de novo.* All of section 4 clearly deals with the powers of and procedures before the IAB, from the rule-making power of the IAB, through IAB hearings, to transmittal of the record of IAB proceedings to the reviewing court for a trial *de novo.*

On the other hand, Rule 167a has routinely been applied in workers' compensation cases at the trial *de novo* stage in the district court since its adoption in 1973. *See Nacogdoches Mem. Hosp. v. Justice,* 694 S.W.2d 204, 207 (Tex.App.—Tyler 1985, writ ref'd n.r.e.); *Texas Employers' Ins. Ass'n v. Henson,* 569 S.W.2d 516, 517 (Tex. Civ.App.—Beaumont 1978, no writ). Rule 167a does not impose upon the parties or the court the restrictions and requirements contained in article 8307, § 4(b). For example, section 4(b) restricts the association to one examination during any 180–day period and requires that any subsequent examinations be performed by the same physician. TEX.REV.CIV.STAT.ANN. art. 8307, § 4(b) (Vernon Supp.1990). Rule 167a has no similar limitations. Rule 167a does not give the person subject to examination the right or privilege to have a personal physician or chiropractor present during the exam.

■ Under Rule 167a, the court is afforded broad discretion, just as it is in other discovery matters. Contrary to a physical examination ordered by the IAB under section 4(b), which gives the carrier the absolute right to select the examining physician, a court-ordered examination under Rule 167a will be performed by a physician selected by the court in the exercise of its discretion. *Employers' Mut. Cas. Co. v. Street,* 707 S.W.2d 277, 278 (Tex.App.—Fort Worth 1986, orig. proceeding). The court in this case did not order Dr. Saxton, the physician of choice of TEIA, to perform the examination but exercised its discretion under Rule 167a in ordering one of the four named neurosurgeons at Scott & White to perform the examination.

Since the adoption of Rule 167a in 1973, the trial court has derived its power to compel physical examinations from the rule of procedure rather than from section 4 of the workers' compensation statute. Those cases which cite article 8307, section 4(b), as the source of the trial court's power to order physical examinations at the *de novo* stage all predate the adoption of Rule 167a in 1973. See *Wallace v. Hartford Accident & Indemnity Co.,* 148 Tex. 503, 226 S.W.2d 612 (1950); *Texas Employers' Ins. Ass'n v. Downing,* 218 S.W. 112 (Tex.Civ. App.—Amarillo 1919, writ ref'd).

Moore argues that Rule 820 of the Rules of Civil Procedure makes article 8307, section 4(b), applicable to the district court in *de novo* proceedings. Rule 820 provides that "[a]ll portions of the Workers' Compensation Law, Articles 8306–8309–1, Revised Civil Statutes, and amendments thereto, which relate to matters of practice and procedure are hereby adopted and retained in force and effect as rules of court." TEX.R.CIV.P. 820. However, the phrase "matters of practice and procedure" as used in the rule can only be interpreted to mean matters of practice and procedure *in the district court,* because any other interpretation would have the untenable and absurd result of making applicable to the district court the practice and procedure applicable to the IAB. If, as Moore contends, all practice and procedure prescribed by the workers' compensation statutes apply to the district court as rules of court, then the district court would, for example, have to schedule a prehearing conference if the report of the examining physician indicates that the claimant could return to work immediately. This "procedure" is clearly the function of the IAB rather than of the district court. Furthermore, article 8306, section 12e, gives the IAB the power to direct the employee to submit to a surgical operation, a matter of "practice and procedure" prescribed by the workers' compensation statutes. TEX. REV.CIV.STAT.ANN. art. 8306, § 12e (Vernon 1967). If this section applied to the district courts through Rule 820, then

the district court would have the power to order surgical operations, which it clearly does not. The examples from the statute itself that prove Moore's theory unworkable are many. Those matters of "practice and procedure" in the district court, to which Rule 820 must be interpreted to refer, would include such parts of the statute as article 8306, section 7d, which pertains to attorneys fees to be regulated and awarded by the court. *Id.* at art. 8306, § 7d (Vernon Supp.1990).

If, for the sake of argument, we assume that both article 8307, section 4(b), and Rule 167a apply to *de novo* proceedings in the district court and are inconsistent, then Rule 819 of the Rules of Civil Procedure resolves any conflict. *See* TEX.R.CIV.P. 819. Rule 819 states:

> All procedure prescribed by statutes of the State of Texas not specifically listed in the accompanying enumeration of repealed articles shall, insofar as the same is not inconsistent with the provisions of these rules, continue in accordance with the provisions of such statutes as rules of court. *In case of inconsistency between the provisions of these rules and any statutory procedure not specifically listed as repealed, these rules shall apply.*

*Id.* (emphasis added). No portion of the workers' compensation statutes is listed as repealed. Rule 819 clearly provides that in the event of an inconsistency between any statutory procedural matter which is given the effect of a court rule and a specific Rule of Civil Procedure, the Rule of Civil Procedure controls.

Mandamus will not issue to control the action of the trial court in a matter involving discretion, absent a clear abuse of discretion; that is, the question is whether the court acted without reference to any guiding rules and principles, i.e., whether the act was arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1986); *Johnson v. Honorable Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985).

The order Moore is attempting to set aside involves discovery under the Rules of Civil Procedure and requires the exercise of the trial court's discretion pursuant to Rule 167a. No abuse of the court's discretion has been shown. The writ is denied.