**CONTINENTAL PAPER BAG CO. et al. v. BOSWORTH.  (No. 377–3540.)**

(Commission of Appeals of Texas, Section B. Feb. 25, 1925.)

**1. Appeal and error ⊜⇒1173(2) — Supreme Court may not disturb decree affirmed by Court of Civil Appeals, as to which no application for writ of error is made.**

Supreme Court may not disturb decree affirmed by Court of Civil Appeals, as to which no application for writ of error is made, in view of Complete Tex. St. 1920, arts. 1540, 1541, or Vernon's Sayles' Ann. Civ. St. 1914, arts. 1540, 1541.

**2. Continuance ⊜⇒37—Oral statement in court held not sufficient exception to order allowing trial amendment after close of testimony.**

Oral statement to court that allowance of trial amendment to plaintiff would necessitate defendant's withdrawal of announcement of ready for trial, and necessitate continuance of case for controverted proof, held not to present anything on which the trial. court could pass, it being a court of record.

**3. Appeal and error ⊜⇒948—Pleading ⊜⇒236 (5)—Allowance of trial amendment held within trial court's discretion, which Supreme Court could not designate arbitrary, in absence of affirmative showing of abuse.**

Allowance of trial amendment at close of testimony held within trial court's discretion, which Supreme Court could not designate arbitrary, in absence of affirmative showing of abuse.

**4. Pleading ⊜⇒236(4)—Discretionary power to allow trial amendment at close of testimony is exercisable to attain ends of justice.**

Court has discretion to allow trial amendment at the close of testimony to attain ends of justice.

**5. Insurance ⊜⇒514—Judgment against indemnitor as construed, held in substantial accord with liability of indemnitor on its policy.**

Judgment against indemnitor, construed as making it liable to the extent of the amount of indemnity stated in the policy and only upon loss by the insured from payment of such amount to the extent of such loss so arising, evidenced by a final judgment rendered by a court of competent jurisdiction against insured, in a matter governed by the policy, *held* substantially in accord with the liability of the indemnitor on its policy.

**6. Insurance ⊜⇒514½, New, vol. 11A Key-No. Series—Judgment against indemnitors for attorney fees based on indemnitors' refusal to defend action against insured, held proper.**

Judgment against indemnitors for attorney fees of $200 covering expenses of insured against indemnitors by reason of latters' refusal to defend action against insured as agreed in policy of each, *held* proper.

Error to Court of Civil Appeals of First Supreme Judicial District.

Suit by Carrie Bosworth against the Continental Paper Bag Company, in which defendant impleaded the Western Indemnity Company and the Fidelity & Casualty Company. Judgment for plaintiff was affirmed by the Court of Civil Appeals (215 S. W. 126), and the Fidelity & Casualty Company brings error. Affirmed.

Baker, Botts, Parker & Garwood and Guy Graham, all of Houston, for plaintiff in error.

Presley K. Ewing, of Houston, for defendant in error.

SHORT, J. In the view we take of this case, only a brief statement of its nature is necessary. Miss Carrie Bosworth, a young woman 19 years of age when injured, afterwards brought a suit against the Continental Paper Bag Company to recover damages for personal injuries suffered by her, whereby she entirely lost the sight of one of her eyes, with sympathetic disturbance of the other.

Her pleadings stated that the injury was occasioned by the failure of the Continental Paper Bag Company to use ordinary care in protecting her from injury liable to be inflicted, by the operation of a certain saw machine, which had been placed near where she worked and which threw some particles of metal on each side, one of which struck her in the eye and destroyed the sight.

The Continental Paper Bag Company answered by general denial, and that W. H. Devers was an independent contractor and had employed Miss Bosworth to work for him, and the Continental Paper Bag Company was not responsible to her for the injuries inflicted. It specially pleaded that Devers was doing the work for the company

in which Miss Bosworth and other employees were engaged under the following agreement:

"Agreement between Continental Paper Bag Co. of Texas and W. H. Devers, entered into the 11th day of February, year 1916, at Houston, Harris county, Texas:

"The machinery, type, cuts, motors, belts in Continental Paper Bag Company's warehouse, together with the space occupied by same, we rent to you at forty dollars ($40.00) per month, with the provisal that W. H. Devers uses same for printing paper bags, writing paper, and other such items as Continental Paper Bag Company may require printed, and that W. H. Devers does not print any bags or wrapping paper for any other firm or parties.

"Prices W. H. Devers is to charge Continental Paper Bag Company will be regular printing price list in effect at the time orders are executed, subject to the following discounts: "Paper Bags 10 per cent. off List.

"Wrapping Paper 20 per cent. off List.

"It is also agreed that on orders from Waples-Platter Gro. Company to Continental Paper Bag Company that W. H. Devers allow Continental Paper Bag Company five per cent. (5%) additional discount to those mentioned above.

"All power for operation of machinery, also material such as ink, rollers, fuel, oil, paste, and general upkeep of machinery to be supplied by W. H. Devers.

"It is further agreed that either party to this agreement can terminate same within thirty days from date of a written notice to this effect.

"[Signed]
"Continental Paper Bag Co. of Texas,
"Horace Cammack.
"W. H. Devers."

The Continental Paper Bag Company by cross-plea impleaded Western Indemnity Company and Fidelity & Casualty Company, claiming that they were its indemnitors against the alleged liability, but that each had denied such and had refused to defend the Continental Paper Bag Company as each had agreed to do, so that this company was making its defense to the suit independently, and praying that the liability to defend be established against the companies impleaded and its right to indemnity allowed.

These impleaded defendants answered separately, each denying liability in the case to the Continental Paper Bag Company. They did not appear through their counsel for this company, though in the trial they made common cause against the plaintiff with the original defendant. These impleaded defendants were never parties to the plaintiff's action.

The case was tried to a jury on special issues, and a verdict having been returned in favor of the plaintiff in accordance with her plea, a judgment was afterwards entered thereon against the Continental Paper Bag Company in favor of the plaintiff for $8,000, with lawful interest thereon from the date of the judgment until paid, and in favor of the Continental Paper Bag Company against the Fidelity & Casualty Company a conditional judgment for $5,000, the amount of its policy, with lawful interest from the date thereof, contingent upon loss from payment of such judgment to the extent of such loss so arising, and also in favor of the Continental Paper Bag Company against both companies impleaded in the sum of $200 for attorney's fees on account of their failure to defend against the plaintiff's suit, with lawful interest from the date of the judgment.

The Continental Paper Bag Company and Fidelity & Casualty Company each filed its motion for new trial, separately. The motions were overruled and each prosecuted an appeal to the Court of Civil Appeals of the First Supreme Judicial District, filing separate briefs. The Court of Civil Appeals, upon consideration of the case, affirmed the judgment of the trial court in all things. Continental Paper Bag Co. v. Bosworth, 215 S. W. 127. The Continental Paper Bag Company and the Fidelity & Casualty Company each filed its motion for a rehearing, and, these motions having been overruled, the Fidelity & Casualty Company alone filed its application for a writ of error to the Supreme Court, which upon consideration was granted. One of the notations by the Supreme Court indicates that the application was granted on account of the apparent conflict of the decision in the case of Texas Short Line Co. v. Waymire, 89 S. W. 453, rendered by the San Antonio Court of Civil Appeals, and that rendered by the Court of Civil Appeals in this case. The further notation made upon the docket was evidently the result of the assumption by all parties that the Continental Paper Bag Company had also filed an application for writ of error. All parties to the appeal from the judgment of the district court have filed separate briefs in this court.

[1] Upon an investigation of the record and after the application for writ of error had been granted, counsel for the original plaintiff filed a supplemental brief calling attention to the fact that he had, for the first time, discovered that the Continental Paper Bag Company had not made any application for writ of error to the Supreme Court. The correctness of this contention is evident from the record, and it necessarily follows that the judgment of the Court of Civil Appeals, in favor of the original plaintiff against the Continental Paper Bag Company, eo instanter upon the rendition of such judgment, became final, and therefore this court is without jurisdiction to determine whether any error was committed in respect to the matters involved in that branch of the case by said judgment. The legal status of these particular parties touching this transaction is irrevocably fixed and unalterably determined thereby. This court is without authority to disturb the decree rendered

in the original plaintiff's favor against the Continental Páper Bag Company by the Court of Civil Appeals. Complete Tex. St. 1920, arts. 1540, 1541; McGhee v. Romatka, 92 Tex. 241, 47 S. W. 520; Schleicher v. Runge, 90 Tex. 456, 39 S. W. 279, and the cases cited.

As between the Fidelity & Casualty Company and the Continental Paper Bag Company, the former contends that no liability attached to it under the terms of the policy issued by it to the latter. It also contends that there is a conflict between the opinion of the Court of Civil Appeals in this case and that rendered by the Court of Civil Appeals of the Fourth District in that of Texas Short Line Co. v. Waymire, 89 S. W. 453.

[2] The plaintiff in error's fourteenth assignment of error is as follows:

"The court erred in permitting the defendant Continental Paper Bag Company to file its first trial amendment over the objections of this defendant Fidelity & Casualty Company, of New York, as is more fully shown in this defendant's bill of exception No. 1."

The bill of exception No. 1 states substantially that a trial amendment was permitted to be filed on application of the Continental Paper Bag Company after the evidence had been closed and the charge of the court had been prepared and submitted to counsel for examination, and after exceptions to the charge had been presented by the plaintiff in error. No motion was made for leave to withdraw its announcement of ready or to continue or postpone or any showing of necessity therefor or surprise on the account of such amendment by the plaintiff in error. The trial amendment, excluding formal parts, is as follows:

"That the business engaged in by the Continental Paper Bag Company, of Texas, was that of supplying the trade with paper bags with the name and character of business, etc., printed thereupon. That the printing of bags and paper is a necessary part of the business of the store and warehouse of defendant bag company is so established by custom and of necessity so, from the fact that the printing required with each order varies with the name location and character of business of each customer, and that it is impossible to anticipate orders further than to equip the store with the unprinted bags and machine to print such words on such quantities as are ordered by the trade.

"That the defendant casualty company knew of such custom and inspected the premises at the time and since the issuance of said policy and could and did see and know of the facts herein alleged, and acquiesced therein and made no complaint thereof, and with a knowledge of the foregoing accepted the premium."

The testimony permitted after trial amendment had been filed is that of the witness Cammack, which reads as follows:

"I am still the manager of the Continental Paper Bag Company, of Texas. I have had that position about three years last November or December. The printing of bags and paper to fill our orders, and the maintenance and operation of a place for the purpose of printing was necessary, usual and customary part of a paper store business as conducted by the Continental Paper Bag Company, of Texas, and that is true not only of our business, but of similar stores."

The Continental Paper Bag Company, as well as the Fidelity & Casualty Company, set up in their respective pleadings the policy issued by the latter to the former and both introduced the policy in evidence. Paragraph 4 of the answer of the plaintiff in error alleges in substance that it is provided in the policy that the premises upon which the policy was issued was used for the purposes of a store and warehouse, and that the Continental Paper Bag Company did not conduct any business on the premises except the store and warehouse, but that, at the time the accident occurred, a printing shop and printing press was being operated on the premises which was supposed to have been covered by the policy, and there being no provision made in said policy for covering a printing press, therefore the policy issued did not cover the accident arising from the operation of a printing press. Issue having thus been joined on this particular question and some testimony having been introduced on the subject, and the question having been resolved in favor of the Continental Paper Bag Company, the record presents for the determination of this court only the question whether the. trial court abused its discretion in permitting the trial amendment to be filed, and after it was filed whether the record shows the plaintiff in error placed itself in a position to successfully complain of the action of the court in allowing the trial amendment to be filed and testimony to be heard in reference thereto. The bill of exception shows that counsel representing the Fidelity & Casualty Company merely stated to the court orally that if the trial amendment should be allowed it would be necessary for it to withdraw its announcement of ready, and continue the case for controverted proof. This did not present anything upon which the trial court could act, it being a court of record.

[3, 4] The allowance of a trial amendment to the petition after the testimony had been closed was within the discretion of the trial court. This discretion can always be exercised so as to attain the ends of justice. When the record does not affirmatively show an abuse of the discretion so exercised, this court is without power to arbitrarily conclude to the contrary. Lewis and Wife v. Hoeldtke (Tex. Civ. App.) 76 S. W. 309; Western Union Telegraph Co. v. Bowen et al., 84 Tex. 476, 19 S. W. 554; Ford v. Liner, 24 Tex. Civ. App. 353, 59 S. W. 943; Ry. Co. v. Goldberg, 68 Tex. 685, 5 S. W. 824.

[5] Speaking with reference to the second contention of the Fidelity & Casualty Company, as stated above, it may be said that at the time the writ of error was granted in this case the opinion of the Supreme Court in the case of American Indemnity Co. v. Fellbaum, 263 S. W. 908, had not been rendered. What has been said by the Supreme Court in the Fellbaum Case is a sufficient declaration of the law as applicable to the points discussed respectively in the Waymire Case and in the Fellbaum Case. It is our opinion that the discussion of the principles of law involved in those two cases would not be applicable to a decision of this case under the record presented. It is true that counsel for the plaintiff in error, as well as for the Continental Paper Bag Company, in their respective briefs, have discussed the question decided in the Fellbaum Case and the decision in the Waymire Case at considerable length, and have cited decisions from numerous authorities in support of each contention. We do not see any necessity to embrace in this opinion any further reference to the question finally decided in the Fellbaum Case, for the very good reason, as we view the matter, that the judgment rendered in this case against the plaintiff in error in favor of the Continental Paper Bag Company substantially complies with the law of the case for which the plaintiff in error contends. This contention involves the construction of a provision in the policy issued by plaintiff in error to the Continental Paper Bag Company designated as condition K, which reads as follows:

"No action shall be brought against the company under or by reason of this policy unless it shall be brought by the assured for a loss, defined hereunder, after final judgment has been rendered in a suit, described hereunder, and within two years from the date of such judgment, to wit: for a loss that the assured has actually sustained by the assured's payment in money—(a) of a final judgment rendered after a trial in a suit against the assured; (b) of the expenses (excluding any payment in settlement of the suit or judgment) incurred by the assured in the defense of a suit against the assured. The company does not prejudice by this condition any defenses against such action that it may be entitled to make under this policy."

The policy in the case under discussion in addition to the clause heretofore quoted designated as condition K, contained the following provisions:

"The Fidelity & Casualty Company, of New York, hereinafter called the company, does hereby agree to indemnify the persons, firm, or corporation, named in statement one of the schedule of statements, and hereinafter called the assured, against the loss from liability imposed by law upon the assured, for damages on account of bodily injuries or death suffered as the result of an accident, occurring while this policy is in force, by any person or persons while within the premises designated in statement four of said schedule, or upon the sidewalk or other ways immediately surrounding the same, provided for the use of the assured's employés, or the public;

"(2) To defend in the name and on behalf of the assured any suit brought against the assured to enforce a claim whether groundless or not, for damages on account of bodily injuries, or death suffered or alleged to have been suffered by any person or persons at the place designated in the preceding paragraph, and as a result of an accident occurring while this policy is in force."

We do not find, it necessary to construe these provisions or to determine whether they should be construed in harmony with the opinion rendered in the Waymire Case or in harmony with the opinion in the Fellbaum Case or to differentiate between them since it is our opinion that the judgment rendered against plaintiff in error is substantially in accord with the construction placed upon that clause in the policy designated as condition K for which the plaintiff in error contends. The language of the judgment against plaintiff in error having reference to the question involved in condition K, in the policy issued by plaintiff in error, is as follows:

"It is further considered by the court, ordered and adjudged, that the defendant Continental Paper Bag Company, of Texas, recover over against said defendant Fidelity & Casualty Company, of New York, the sum of five thousand dollars ($5,000) of the recovery herein adjudged in favor of plaintiff, with six per cent. (6%) per annum interest thereon from this 28th day of May, A. D. 1918, until paid, for which execution may issue, conditioned, however, and enforceable only upon loss from payment of such amount to the extent of such loss so arising."

Under the terms of this judgment the plaintiff in error can only be made liable to the extent of the amount of indemnity stated in the policy, and only upon loss by the Continental Paper Bag Company from payment of such amount to the extent of such loss so arising. We construe this language to be substantially in accord with the liability of the plaintiff in error in this case, which the plaintiff in error affirmatively asserts, and therefore have reached the conclusion, in view of the disposition we have made of the contention of plaintiff in error, that no liability attached to it under the terms of the policy issued by it to the Continental Paper Bag Company, until the latter had sustained a loss occasioned by the payment of the amount mentioned in the policy and arising from such loss so occasioned and evidenced by final judgment rendered by a court of competent jurisdiction against the Continental Paper Bag Company in a matter governed by the policy.

[6] The judgment for attorney's fees amounting to $200 covering the expenses of the Continental Paper Bag Company against

the Fidelity & Casualty Company, as well as against the Western Indemnity Company, in view of the uncontroverted facts these companies obligated themselves to defend the bag company and have refused to do so, and no question of the reasonableness of the amount being made, is clearly a just and legal one.

We have not discussed seriatim the several assignments contained in the brief of plaintiff in error which relate to the matters of which this court has jurisdiction, under the writ of error granted upon application of the plaintiff in error, having preferred to deal with the questions without reference to the assignments as stated in the brief; but due notice has been taken of these assignments and the propositions thereunder, and each and all of them are overruled.

The Western Indemnity Company not having appealed from the judgment rendered against it in the trial court, and the Continental Paper Bag Company not having filed any application for writ of error in this court from the judgment rendered in the Court of Appeals, and the original plaintiff not having sued the plaintiff in error, we have only considered the matters pertaining to the issues made by the pleadings and testimony between the plaintiff in error and the Continental Paper Bag Company, and this consideration has lead us to conclude that the judgment of the Court of Civil Appeals of the First Supreme Judicial District affirming the judgment of the trial court in favor of the Continental Paper Bag Company against the Fidelity & Casualty Company should be affirmed, and we so recommend.

PER CURIAM. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.