862

**UNITED EMPLOYERS CASUALTY CO. v. CURRY.**

No. 11239.

Court of Civil Appeals of Texas. Galveston.

May 29, 1941.

Will R. Saunders and Henry D. Akin, both of Dallas, for appellant.

Allen, Helm & Jacobs, of Houston, and Gillen, Francis & Gallagher, of Dallas, for appellee.

MONTEITH, Chief Justice.

This is an appeal in a workman's compensation suit brought by appellee, Joe Curry, to set aside an award of the Industrial Accident Board in favor of appellant, United Employers Casualty Company, and to recover compensation for total and permanent incapacity, alleged to have been the result of an injury sustained by him on November 26, 1939, in the course of his employment as a pipe line construction worker with C. W. Sternberg, who carried compensation insurance with appellant.

Appellant answered by general demurrer and general denial.

In answer to special issues submitted, the jury found, in effect, that appellee had sustained an injury to his back on or about November 26, 1939, in the course of his employment with C. W. Sternberg; that the injury so received was a producing cause of his incapacity to work; that such incapacity was total and permanent, and not temporary; that there was not an employee of appellee's class who had worked substantially the whole of the year preceding November 26, 1939, or in a neighboring place, in an employment similar to that which appellee was performing during that period for C. W. Sternberg, and that in fairness and justice to both parties $30 per week was appellee's weekly wage; that disease or infection disconnected with the injury of November 26, 1939, was not the sole cause of such incapacity, and that neither arthritis, independent of his injury, low blood pressure, or gonorrhea occurring subsequent to November 26, 1939, or prostate trouble occurring before November 26, 1939, were the sole proximate causes thereof. The jury found that the pipe line work which plaintiff was performing on November 26, 1939, was a work of necessity.

Based upon the answers to said special issues, judgment was rendered in favor of appellee and against appellant for 400 weeks' compensation at $18 per week.

It is undisputed that appellee was injured on November 26, 1939, by being struck on the back by a piece of iron pipe while unloading a truck; that, at the time he was injured, he was employed by C. W. Sternberg, who carried compensation insurance with appellant. It is conceded that November 26, 1939, fell on Sunday.

Under appellant's first three propositions, it is contended that appellee's contract of employment with C. W. Sternberg involved services to be rendered on Sunday in violation of Articles 283 and 284 of the Penal Code of the State of Texas, which forbids labor on Sunday except in cases of necessity, and that therefore the relation of employer and employee did not exist between the parties and that there was no liability on the part of the insurer under the Compensation Act. This contention must be overruled.

While our courts have uniformly held that an agreement to perform certain labor on Sunday is illegal and cannot be maintained, it is the settled rule that if a party can show a complete cause of action

without being obliged to prove his own illegal act, although such illegal act may incidentally appear and may be important as explanatory of other facts in the case, he may recover.

In the case of Texas Employers' Insurance Ass'n v. Peppers, 133 S.W.2d, 165, 169, this court, in passing on the precise question here presented, under a state of facts similar in all material respects to those in the instant case, Justice Cody, speaking for the court, says: " * * * violation of the law against working on Sunday could in no event release the insurer from his duty to compensate the insured for injuries received in the course of his employment on Sunday, unless the insurer could show that such injury was the direct result of violating the statute. * * * It was never intended or contemplated that the statute should deprive a man of the right to recover damages for injuries received while working on Sunday, unless they were caused as the direct result of violating the statute."

By the terms of said Article 284 of the Penal Code, works of necessity and other specified classes of employment are expressly excepted from the terms of said Article 283 of the Penal Code, prohibiting working on Sunday.

■ Further, it has been uniformly held by our courts that the burden of proof is upon the party alleging the illegality of a contract of this class, to prove that the contract requires an injured party to work on Sunday, and, the presumption being that the conduct of the parties to the contract is lawful, the burden of proof is also upon the party alleging such illegality, to negative the exception provided in said Article 284 that the work in which the injured party was engaged at the time of his injury was a work of necessity. Texas Employers' Ins. Ass'n v. Peppers, Tex.Civ. App., 133 S.W.2d, 165; Texas Employers' Ins. Ass'n v. Henson, Tex.Civ.App., 31 S.W.2d 669; Federal Underwriters Exchange v. Coker, Tex.Civ.App., 116 S.W.2d 922.

In the instant case there was not only no evidence of an agreement requiring appellee to work on Sunday, and no evidence that the fact that appellee was injured on Sunday, was in any way responsible for said injury, but there was no evidence that the work in which appellee was engaged at the time of his injury was not a work of necessity. No issue was requested by appellant or submitted by the court as to whether said contract required appellee to work on Sunday, and the jury found in answer to special issue No. 21, "that the pipe line work which plaintiff was performing on November 26, 1939, was a work of necessity."

Appellant assigns error in the refusal of the trial court to require appellee to submit to a physical examination by a physician of its choice, and in overruling its objection to the arguments of counsel for appellee in which appellant is alleged to have been criticised for producing only two medical witnesses as to appellee's physical condition at the time of the trial, in view of the fact that appellee had resisted appellant's motion to require appellee to submit to a physical examination.

The record shows that on the day the case was set for trial, appellant filed a motion that appellee be directed to appear before Dr. Lewis Pawelek on that date and that he remain from time to time and from day to day until said physician had completed his physical examination of appellee, and for such other examinations as he might deem necessary. Said cause had been pending for a period of approximately six months prior to the date of the trial.

■ The courts of this state have uniformly held that a court's ruling on a motion to require a party to submit to a physical examination will not be reviewed except to determine whether there has been an abuse of discretion on the part of the court, (Casualty Reciprocal Exchange v. Stephens, Tex.Com.App., 45 S.W.2d 143; United States Fidelity & Guaranty Co. v. Nettles, Tex.Com.App., 35 S.W.2d 1045; Texas Employers Ins. Ass'n v. Arnold, Tex.Civ.App., 105 S.W.2d 686), and that the burden of showing that the court has abused its discretion in refusing to grant a motion for a physical examination rests upon the appellant. Continental Paper Bag Co. v. Bosworth, Tex.Com.App., 269 S.W. 83; Lipscomb v. Perry, 100 Tex. 122, 96 S.W. 1069; Bear v. H. & T. C. Ry. Co., Tex.Civ.App., 265 S.W. 246.

■ Under the above facts we fail to find an abuse of discretion in the action of the court in overruling said motion, particularly since, in overruling said motion, the court stated that he was of the opinion "that said motion should be overruled on the sole ground that said motion was not presented until the eve of the trial, and not timely presented."

■ As to appellant's contention that the trial court erred in overruling its objection to the arguments of appellee's counsel castigating appellant for producing only two medical witnesses as to appellee's condition at the time of the trial, the record shows that the argument in question was made by appellee's counsel while discussing the issue of whether appellee had sustained total incapacity as a result of his injury for any period of time. The trial court, who was present and heard the argument in question, having put his seal of approval on it, we are constrained to hold that this assignment presents no reversible error. Beaumont Traction Co. v. Dilworth, Tex. Civ.App., 94 S.W. 352; Wells v. Henderson, Tex.Civ.App., 78 S.W.2d 683; Jackson v. Jackson, Tex.Civ.App., 35 S.W.2d 830, 835.

■ Appellant assigns error in the action of the trial court in instructing the jury in connection with the definition of the term "partial incapacity" that "a person cannot be totally incapacitated and partially incapacitated at the same time", for the alleged reason that the charge in question was in the nature of a general charge rather than as a necessary part of the definition of such term and is in reality a peremptory instruction by the court not to find any partial disability if the jury had found total disability. This contention cannot be sustained.

The above instruction has been held to be proper in the case of Texas Employers Ins. Ass'n v. Fowler, Tex.Civ.App., 140 S.W.2d 545, error refused. In this case the court gave the following instruction in connection with the definition of partial incapacity: "You are further instructed that a person can not be totally and partially incapacitated at the same time * * *."

Similar instructions in the court's charge with reference to relative terms used in charges have been upheld in the following cases: United States Fidelity & Guaranty Co. v. Archer, Tex.Civ.App., 87 S.W.2d 281; Maryland Casualty Co. v. Dicken, Tex.Civ.App., 80 S.W.2d 800; Southland Greyhound Lines v. Cotten, 126 Tex. 596, Tex.Com.App., 91 S.W.2d 326.

■ Appellant assigns error in the action of the court in submitting to the jury special issue No. 27, inquiring as to whether the disease of gonorrhea occurring subsequent to November 26, 1939, was not the sole cause of appellee's incapacity, for the alleged reason that said issue imposed a greater burden upon the defendant than contemplated by law, in that it required appellant to show that said disease, which was acquired subsequent to the alleged injuries, must have been the sole cause of appellee's incapacity. Error is also assigned in the refusal of the court to submit any issues inquiring as to whether said disease had not contributed to any incapacity to work that appellee may have suffered subsequent to such injury. This contention must be overruled.

■ It has been uniformly held that liability for damages for personal injuries cannot be avoided by merely showing that the person injured sustained injuries subsequent to the injury complained of.

The Supreme Court has followed this rule in the case of Guzman v. Maryland Casualty Co., 130 Tex. 62, 107 S.W.2d 356, 357, in which it is said: "This court has settled the rule that liability for damages for personal injuries arising under the Compensation Law cannot be defeated by showing that the person injured was not a well person at the time of injury. Nor will a recovery for such compensation be denied although it may appear that the injury received was aggravated by the effect of some disease existing at the time of the injury or occurring afterwards."

■ Appellant's contention that the court erred in excluding evidence offered by it as to appellee's criminal record, for the alleged reason that evidence of offenses involving moral turpitude were admissible to show that he was not totally and permanently incapacitated, cannot be sustained.

Appellee testified that he had been indicted for murder and for theft of butane gas from a pipe line several years prior to the trial of this case, but that he had been acquitted of both charges.

■ It is the settled law in this state that a charge of crime, though formally made by indictment, is without evidentiary force with respect to a witness' character or credibility, but a trial thereon and resultant establishment of its truth is a condition precedent to the proof of the conduct charged. Kennedy v. I.-G. N., Tex. Com.App., 1 S.W.2d 581; Texas & N. O. v. Parry, Tex.Com.App., 12 S.W.2d 997; 45 Tex.Jur., pp. 121, 125.

We have carefully considered all other assignments and propositions presented in

appellant's brief. None of them, in our opinion, show any error in the record which requires a reversal of the judgment. The judgment of the trial court will be in all things affirmed. It is so ordered.

Affirmed.