### GULF CASUALTY CO. v. TUCKER.

### No. 4435.

Court of Civil Appeals of Texas. Beaumont.
March 13, 1947.

Walter C. Clemons, of Houston, for appellant.

Fulmer & Fairchilds, of Nacogdoches, for appellee.

COE, Chief Justice.

This is a suit arising under the workmen's compensation law of Texas. Ottice Tucker, as plaintiff, sued Gulf Casualty Company, alleging that he sustained an injury while he was picking up a container. The usual allegations with reference to the award of the Industrial Accident Board, notice of appeal from said award, amount of weekly compensation due plaintiff and other jurisdictional matters were made in plaintiff's original petition filed in the district court of Angelina County on February 25, 1946. Gulf Casualty Company, defendant, answered by general denial and expressly denied that Gulf Refining Company or Gulf Casualty Company had any notice of the alleged injury within 30 days after the alleged occurrence of said injury.

The case went to trial before a jury on August 27, 1946. After the trial court had overruled defendant's motion for an instructed verdict, the court allowed plaintiff, Ottice Tucker, to file a trial amendment alleging that he sustained the alleged injury while he was handling, lifting and putting down a five gallon paint container. After appellant's objection to the submission of the case to the jury, and after appellant's objection to the court's charge were overruled, the case was submitted to the jury on special issues. The trial court entered judgment on the jury's verdict in favor of Ottice Tucker for the sum of $6,882.74, this on the theory that Tucker had sustained an injury which rendered him totally and permanently disabled. Gulf Casualty Company, appellant herein, after its motion for a new trial was overruled, has perfected an appeal from said judgment. The facts necessary to a disposition of this appeal will be stated in connection with the points presented.

By appellant's first two points, it complains of the action of the trial court in overruling its motion for an instructed verdict on the theory, that plaintiff had failed to prove that the injury complained of, as asserted by him before the Industrial Accident Board, was the cause of his alleged present disability, contending that the proof at most showed that plaintiff's alleged incapacity was caused by an entirely different accident than that asserted by him before the Industrial Accident Board, for the reason that the claim asserted by appellee before the Industrial Accident Board was that he was injured when he picked up a five gallon paint can, quickly jerking and tearing the muscles, etc., whereas the proof on the trial was to the effect that the appellee was injured, if at all, when removing a five gallon paint container from his shoulder, the removal taking place in a different building some 150 or 200 yards

from the point where he originally picked up the container. For this reason appellant contends that the trial court had no jurisdiction to determine the cause of action presented on the trial because same had not been passed upon by the Industrial Accident Board.

█ We cannot agree with appellant that either of these points presents reversible error.

It was shown upon the trial that appellee's original claim for compensation in the blank calling the "cause of injury" stated, "picked up five gallon paint can quickly jerking and tearing the muscles, nerves and all vital soft tissues, as well as fracturing right shoulder and cervical spine"; stated that the place of injury was "at Gulf Pump Station, Angelina County, Texas"; in the blank calling for him to state part of body injured he inserted, "Right shoulder and cervical spine and other injuries, jerking, pulling and tearing the nerves, tendons, leaders, blood vessels and all vital soft tissues, as well as fracture to the cervical spine and shoulder, losing control of head and neck, being unable to hold head up, caused paralysis of right shoulder and arm; severe pain in said region and of shoulders, neck and head."

In his original petition appellee alleged that the injury which was described as substantially in his claim occurred "while he was picking up a container".

On the trial of the case appellee testified that he received the injury complained of after he had reached the "boilder room" some 150 yards from where he obtained the five gallon can of paint from a warehouse while he was attempting to let the can of paint roll off his shoulder, holding it by the bail with the right hand, suddenly realizing that it was going to strike the concrete floor with such force that it would likely burst, that to break the fall "I got it in my hand this way", indicating his movements in this effort, that the can jerked him to the floor, that he immediately felt a severe pain in the region of his right shoulder and back. This testimony as to the manner in which the injury occurred was admitted without objection. Appellee's medical testimony was to the effect that he

was suffering with a fracture of the transverse processes of the fifth cervical vertebra and a fracture of the body of the last cervical vertebra, that his ability to use his arm was impaired, that he could not hold his head up and had to wear a "Thomas collar" to keep it from falling forward onto his chest. At the conclusion of the testimony and after appellant had moved for an instructed verdict, the trial court permitted appellee to file a trial amendment, the effect of which was to allege that the injury occurred "while he was handling, lifting and putting down a five gallon paint container" for the allegation that the injury occurred "while he was picking up the container". Appellant made no objection to the trial amendment on the ground that it constituted surprise in any way. The action of the trial court in permitting appellant to file its trial amendment is the basis for one of appellant's points of error hereinafter discussed. Appellant does not contend that the injury claimed in the trial court is not the identical injury claimed before the Industrial Accident Board, it contends only that the injury claimed in the trial court occurred at a different place and in a different manner than as claimed before the Board. In other words it contends that because the alleged injury was shown to have been received in a different manner than it was claimed to have been received in the claim before the Industrial Accident Board, that it constituted a different claim from that presented to the Board and therefore the trial court was without jurisdiction to adjudicate same. As we understand the Authorities, appellant's contentions have been consistently overruled since the Supreme Court handed down its opinion in the case of Booth v. Texas Employers' Insurance Ass'n., 132 Tex. 237, 123 S.W.2d 322; Southern Underwriters v. Boswell, 138 Tex. 255, 158 S.W.2d 280; Maryland Casualty Co. v. Jackson, Tex.Civ.App., 139 S.W.2d 631; Insurors Indemnity Co. v. Brown, Tex. Civ.App., 172 S.W.2d 174; Texas Employers Insurance Ass'n v. Grimes, Tex.Civ. App., 186 S.W.2d 280. We agree with appellant that the trial court is without jurisdiction to litigate the question of incapacity resulting from an injury not presented and

passed upon by the Industrial Accident Board. However, the exact manner in which the injury is received is usually of little importance other than to enable the insurance company in making an investigation of the alleged injury. The most that could be said of the facts here presented is that the appellee sustained his alleged injury in a different manner than represented in his claim before the Industrial Accident Board. This of itself is not sufficient to make of appellee's cause of action another and different claim. The controlling issues in all compensation cases are whether claimant received an accidental injury in the course of his employment and whether such injury resulted in any incapacity. There being no contention that the injury complained of in the trial of this case was not identical injury complained of before the Industrial Accident Board, we are unable to see any merit in appellant's contention with reference to same and they are therefore overruled.

By appellant's point 3, it complains of the action of the trial court in permitting appellee to file a trial amendment after both parties had rested and after appellant had filed its motion for an instructed verdict, contending that such trial amendment was in effect the assertion of a new and independent action other than that heard and passed upon by the Industrial Accident Board, and by point No. 4, which it groups with point No. 3, it complains of the refusal of the trial court to give its requested issue No. A to the jury, such issue being as follows: "Do you find from a preponderance of the evidence that Ottice Tucker sustained an injury on July 31, 1945, by picking up a five gallon container of paint. Answer yes or no." As before stated, at the conclusion of the evidence the trial court permitted the appellee to file the trial amendment alleging that his injury occurred while he was handling, lifting and putting down a five gallon paint container in lieu of the allegation in his original petition to the effect that the injury occurred while he was picking up a five gallon paint container. Appellant objected to the filing of said trial amendment upon the ground that it alleged a new and independent cause of action from that asserted before the Board. No surprise was claimed and appellant admits that it was not surprised.

The trial court submitted the issue of injury by issue No. 1 as follows: "Do you find from a preponderance of the evidence that Ottice Tucker sustained an injury on July 31, 1945, in removing a five gallon paint container from his shoulder?" This issue was identical in form to special issue No. B requested by appellant. Appellant's only pleading in the court below was a general denial and a special denial of notice of the injury and good cause for failing to give such notice. These points are overruled. What we have already said disposes of appellant's contention that the trial amendment asserted a new and independent cause of action. It was within the discretion of the trial court to allow the filing of the trial amendment and appellant not being surprised or claiming surprise, and the evidence of the manner in which the injury occurred having been admitted without objection, the court was fully authorized by Rules 66 and 67, Texas Rules of Civil Procedure, in allowing the trial amendment to be filed after the close of the evidence and before the case was submitted to the jury. See, Miller v. Simons, Tex. Civ.App., 173 S.W. 2d 182; Norwood Building v. Jackson, Tex.Civ.App., 175 S. W. 2d 262.

There was no error in the action of the trial court in refusing to give appellant's requested issue No. A. In the first place, after the substitution of the trial amendment as a substitute for the allegation contained in appellee's petition, with reference to the manner in which he received his alleged injury there was no pleading by either party to support the submission of such issue and in the second place the court having submitted special issue No. 1, as set out above, there was no occasion for the court again submitting an issue inquiring of the jury as to whether appellee sustained an injury on July 31, 1945, by picking up a five gallon container of paint, the controlling issue being as to whether or not he received an injury. That having been once submitted it was unnecessary to again submit the same, the manner of how the injury was received not being

a controlling issue. See Southern Underwriters v. Boswell, supra; Rule 279, Texas Rules of Civil Procedure.

By point No. 5, appellant complains of the action of the trial court in rendering judgment against it on the jury's verdict contending that the greater weight and preponderance of the credible testimony adduced on the trial showed that plaintiff sustained no accidental injury while employed by Gulf Refining Company on July 31, 1945, and by point No. 6, which is submitted along with point No. 5, appellant contends that the trial court was in error in overruling appellant's motion for instructed verdict because the greater weight and preponderance of the credible testimony showed that the plaintiff did not give either Gulf Refining Company or Gulf Casualty Company notice of his alleged injuries within 30 days after the alleged occurrence thereof. Appellant contends that appellee's contention as to having received an injury while in the course of his employment for Gulf Refining Company on July 31, 1945, and that he gave notice of such injury to said company within 30 days after the alleged injury is uncorroborated and it is in direct conflict with previous statements made by him in connection with his alleged incapacity and the causes thereof and is in direct conflict with the testimony of his fellow employees and others and therefore the verdict of the jury finding that the appellee received an accidental personal injury on the date alleged and that he gave notice thereof to the Gulf Refining Company within 30 days thereafter is so against the overwhelming preponderance of the evidence as to be manifestly wrong and request this court to set aside such findings of the jury as being against the overwhelming preponderance of the evidence. We find ourselves unable to agree with appellant that there is no corroborating testimony in the record of appellee's claim that he received the accidental personal injury as alleged, and that he gave his employer notice thereof within 30 days thereafter. It is true that the evidence is in sharp conflict as to the statements made by appellee concerning his alleged injury. Several witnesses testified that appellee stated that he had received no injury and that he first noticed something wrong with his neck and back while attempting to tie a shoe string on the morning before the alleged injury is supposed to have occurred, that he was unable to tell what caused his then condition. It is also true that some of his fellow employees testified on direct examination that appellee never made any mention of receiving an injury while handling a paint can on July 31, 1945, on cross-examination one of such fellow employees admitted that appellee told him that on the morning of the alleged accident and before he was carried home that he hurt himself with the load of paint. This same witness further testified on cross-examination that Mr. Dennard, appellee's foreman, made inquiry of him some few days after the alleged occurrence if Tucker (appellee) was the one that carried the can of paint and said he wanted to know where he was when he got hurt, while another one of the witnesses who testified on direct examination in substance that he had never heard of the appellee claiming to have been hurt while handling a can of paint, admitted on cross-examination that he understood all along that appellee claimed to have been hurt on the job. The witness, Dr. L. H. Denman, testified in substance that he first saw appellee September 1, 1945, he complained of his neck and right shoulder and stated that while he was painting he lifted some paint and fell with it and hurt his neck and shoulder; that he found spasticity and rigidity in the cervical region, that x-rays of the cervical region taken October 20, 1945, showed fractures in the body of the last cervical vertebra and in the right transverse process of the 5th, and some calcification between the vertebra, that in his opinion appellee was and probably would be permanently totally incapacitated, and that the condition he found could be caused by such an occurrence as was testified to by appellee. It was admitted by one of the doctors testifying for appellant that the condition of appellee as testified to by Dr. Denman could not have been produced or caused by appellee tying his shoe string. It would serve no good

purpose and would unduly extend this opinion to undertake to set out each item of testimony which might tend to corroborate the testimony of appellee or to discredit the testimony given by some of the witnesses for appellant. We have given close consideration to the briefs of the parties and the statement of facts and have concluded that there was sufficient evidence to justify the jury in answering the special issues submitted to them as they were answered and that under the evidence adduced on the trial of this cause that this court would be unauthorized to disturb the findings of the jury on the theory that they were so against the overwhelming preponderance of the evidence as to be manifestly wrong. Being of that opinion, appellant's points presenting this matter are overruled and the judgment of the trial court is affirmed.