**POTOMAC INSURANCE COMPANY,**
Appellant,

v.

Willie MILLIGAN, Appellee.

No. 16101.

Court of Civil Appeals of Texas.

Fort Worth.

May 6, 1960.

Rehearing Denied June 3, 1960.

Jackson, Walker, Winstead, Cantwell & Miller, and W. B. Patterson, Dallas, for appellant.

Kouri & Banner, and Jack G. Banner, Wichita Falls, for appellee.

RENFRO, Justice.

This is an appeal by defendant from a total and permanent disability judgment.

The controlling question is whether the court erred in denying defendant's motion for continuance after plaintiff filed a trial amendment.

Plaintiff went to trial on the following plea:

"Plaintiff, while working for said employer, West Texas Rendering Plant, on or about December 22, 1958, was loading a truck with barrels of manure and was pulling a barrel over to roll it when his feet slipped and he fell backwards onto another barrel which had a large meat hook inserted or hanging on it. The meat hook was driven through the Plaintiff's back on the left side at an angle under his shoulder blade, penetrating his chest cavity and causing severe damage to the muscles, ligaments and tendons and to the vertebrae in his spinal column, resulting in a herniation of the disc spaces between Lumbar 2 and 3, fracturing the 8th, 9th and 10th ribs, which has caused damage to the lungs. That all of said injuries have affected his entire nervous system and resulted in total and permanent disability, as those terms are defined under the Workman's Compensation Act of the State of Texas."

Defendant answered that any disability sustained by plaintiff was partial and temporary, and that any disability plaintiff "may have is due to prior compensable injuries and/or a combination of prior compensable injuries and diseases or infections in his body not connected with the accidental injury alleged by him * * * and is solely due to prior diseases and conditions in his body totally disassociated with and not contributed to by the accidental injury."

The plaintiff and six lay witnesses testified as to plaintiff's injury and physical condition as of the time of trial. No mention had been made of arthritis at the time plaintiff rested.

Defendant introduced as its first witness Dr. Morrison, who, on direct examination, testified that x-rays showed that plaintiff had a degenerative type arthritis of his spine, but that it was not due to the injury. On cross-examination Dr. Morrison was asked, "Now, then, is it not correct * * * that trauma or a blow or injury to the back will aggravate or accelerate arthritis?" Defendant objected to the question because aggravation was not pleaded, whereupon the plaintiff, with permission of the court, filed this trial amendment:

"Comes Now the Plaintiff, and with leave of Court would file this, his trial amendment to the Plaintiff's Original Petition on file herein, and after the testimony of Dr. Cameron Morrison, in which he alleges that the plaintiff had a pre-existing arthritic condition of his back, and would ask that the Court, in addition to the other allegations of injury contained in Plaintiff's original petition, he allow the plaintiff to add that, should the plaintiff, Willie Milligan, have had any pre-existing arthritis or other conditions of his back, that the same in no way incapacitated him prior to the accident in question, and that if he is suffering any incapacity at this time due to arthritis, such incapacity was produced or caused by an aggravation or acceleration of any pre-existing arthritic condition in the plaintiff's back."

Defendant objected to the trial amendment on the ground of surprise, asked permission to withdraw its announcement of ready and moved for continuance. Defendant's objection and motion were overruled and plaintiff elicited from Dr. Morrison, over defendant's objection, testimony that trauma might accelerate an arthritic condition.

After defendant rested, plaintiff called Dr. Hargrove, who testified, in substance, that the injury aggravated plaintiff's arthritis, and that plaintiff was permanently and totally disabled.

The jury found that plaintiff was totally and permanently incapacitated as a result

of the injury, and that his incapacity was not solely the result of a condition in his back wholly disassociated from the injury.

Rule 66, Texas Rules of Civil Procedure, gives the trial court wide discretion in determining whether a trial amendment should be allowed. He should, under the rule, allow such amendment when the objecting party fails to satisfy the court that a trial amendment would prejudice him in maintaining his action or defense upon the merits. The rule also provides that the court may grant a postponement in event a trial amendment is filed.

The original pleadings of plaintiff plead damage to the vertebrae. The defendant did not except to the pleadings as insufficient. The testimony of plaintiff and his witnesses, introduced before plaintiff rested, was sufficient to have upheld a finding of total and permanent disability.

■ The controlling issue in all compensation cases is whether claimant received an accidental injury in the course of his employment and whether such injury resulted in incapacity. Gulf Casualty Co. v. Tucker, Tex.Civ.App., 201 S.W.2d 81. At the time plaintiff rested he had met that issue.

In Commerce Realty Co. v. McElvey, Tex.Civ.App., 250 S.W.2d 931, 934, a trial amendment was allowed which set up aggravation of Buerger's disease by trauma. The court of civil appeals held: "Plaintiff's original petition alleged that she sustained severe and serious injuries to her right foot and leg. The defendant answered by a general denial only and sought no fuller pleadings of the injuries. In that state of the record, the evidence relating to the Buerger's disease was proper without any trial amendment at all." In the instant case, plaintiff made out a prima facie case of total and permanent incapacity without any evidence of arthritis. It was only after plaintiff rested and defendant introduced evidence that plaintiff had arthritis and that such arthritis had no connection with the original injury that plaintiff sought to show that if plaintiff did have arthritis it was aggravated by the injury.

Defendant plead surprise at such testimony. Defendant had already offered evidence, however, to show that plaintiff had arthritis and that arthritis had no relation to the injury. In the face of that evidence we cannot say that the trial amendment, and the testimony offered thereunder, was such as was reasonably calculated to work an injustice upon the defendant.

■ Under the record we cannot say the trial court abused his discretion in overruling the motion for continuance.

Defendant contends that under the decision of the court in Texas Employers' Ins. Ass'n v. Dillingham, Tex.Civ.App., 262 S.W.2d 748, 753, this case must be reversed.

In the instant case the plaintiff, as previously stated, introduced sufficient evidence, before he rested, to support recovery without the jury having to take into consideration the subsequent testimony concerning arthritis. In the Dillingham case the plaintiff introduced the question of arthritis while introducing his opening evidence. In fact in his opening testimony he proved that prior to his injury he was suffering from arthritis and that the injury aggravated the arthritis. In the instant case the question of arthritis was introduced by the defendant. We said in the Dillingham case: "Had the proffered amendment not involved the new issue of aggravation of arthritis by the alleged injury as an additional premise of recovery, *or had the conditions been such that its admission did not work an injustice upon the appellant, the trial court, in its sound discretion, perhaps could have admitted the amendment without occasioning any error.*" (Emphasis added.) In our opinion, in the instant case the record does not reflect that injustice was done defendant by the action taken. In the Dillingham case the trial amendment was not offered until after both sides had rested; the defendant did not know that such amendment would be

offered, and of course knew that no issue could be submitted on aggravation without supporting pleadings. In the instant case the trial amendment was offered while defendant's first witness was on the stand, and immediately after defendant had presented the first evidence concerning arthritis. While some of the dictum in the Dillingham case is inconsistent with our opinion herein, the cases are readily distinguishable on the facts, and our affirmance of the instant case does no violence to the ultimate decision in the Dillingham case.

In view of the entire record we think the defendant has not shown abuse of discretion on the part of the trial court.

 Defendant also contends the court erred in denying its motion to require plaintiff to submit to a medical examination with reference to the complaints alleged in the trial amendment. Plaintiff had been examined by Dr. Parsons, defendant's witness, ten days prior to the date of trial. While Dr. Parsons at the time he examined plaintiff may not have known of the arthritic condition of plaintiff's back, defendant did know of such condition at that time. In United Employers Casualty Co. v. Curry, Tex.Civ.App., 152 S.W.2d 862, 864, it was held: "The courts of this state have uniformly held that a court's ruling on a motion to require a party to submit to a physical examination will not be reviewed except to determine whether there has been an abuse of discretion on the part of the court, (Casualty Reciprocal Exchange v. Stephens, Tex.Com.App., 45 S.W. 2d 143; United States Fidelity & Guaranty Co. v. Nettles, Tex.Com.App., 35 S.W. 2d 1045; Texas Employers Ins. Ass'n v. Arnold, Tex.Civ.App., 105 S.W.2d 686), and that the burden of showing that the court has abused its discretion in refusing to grant a motion for a physical examination rests upon the appellant. Continental Paper Bag Co. v. Bosworth, Tex.Com.App., 269 S.W. 83; Lipscomb v. Perry, 100 Tex. 122, 96 S.W. 1069; Bear v. H. & T. C. Ry. Co., Tex.Civ.App., 265 S.W. 246." In our opinion defendant did not show

abuse of discretion on the part of the court in denying further examination of plaintiff.

The judgment is affirmed.

MASSEY, Chief Justice.

I respectfully dissent.

The author of the majority opinion and I agree that the specific disagreement which exists lies in my belief that under the law it is conclusively presumed that the defendant insurance company was "surprised" by the allowance of the plaintiff's trial amendment, while he is of the opinion that whether said defendant was "surprised" was a matter for determination by the trial court under all the circumstances of the case.

It would seem to me that even if I am wrong in my opinion as to "surprise" being conclusively presumed, certainly it would be presumed in behalf of the insurance company with the burden cast upon the plaintiff to demonstrate that said defendant was not "surprised". This has not been demonstrated.

It is to be borne in mind that the "surprise" in question was not the testimony (for I am of the opinion that with the injection of arthritis into the case by the defendant insurance company all the testimony introduced by the plaintiff was admissible)—but that the "surprise" lay in the broadening of the basis of the allegations in plaintiff's pleadings, thus enlarging his cause of action.

The paragraph in the Dillingham case which is referred to in the majority opinion as dictum inconsistent with the holding reads as follows, 262 S.W.2d 752:

"It is not necessarily the existence of facts which make an issue of fact between parties in litigation, but it is the allegation in pleadings of facts as a ground or basis of relief which make the issue. In the case at hand there is no doubt but what the appellant knew that the appellee had arthritis. The appellant could even have premised its defense to the cause of action

originally alleged for Workmen's Compensation benefits upon which he went to trial upon the fact that the appellee had preexisting arthritis and that that condition and not appellee's injury was the cause of his disability. Indeed, findings of arthritis as the cause of disability under such a condition of the pleadings would have required a denial of recovery by the judgment, and even in such a case the allowance of a trial amendment which would allege aggravation of the preexisting arthritic condition—thus becoming a refutation of the defense made, would not be permitted because it would constitute an alteration of appellee's cause of action."

In the instant case, under the state of the pleadings as they existed at the time the case was submitted to the jury in special issues, the trial court properly defined the term "injury" as follows: "You are instructed that the term 'injury' as used in this charge, shall be considered to mean damage or harm to the physical structure of the body and such diseases and infections as naturally result therefrom, *or the acceleration or aggravation of any disease previously or subsequently existing by reason of such damage or harm to the physical structure of the body.*" (Emphasis supplied.)

But for the trial court's allowance of the trial amendment the definition of "injury" would stop with the comma immediately preceding the emphasized clause upon aggravation, for it is the definition given in the Workmen's Compensation Act itself. Vernon's Ann.Tex.Civ.St. art. 8306, Sec. 20. The inclusion in the definition of "injury" of the language upon aggravation was warranted only because of the allegations in the amendment of the plaintiff, for it is not included in the definition of the statute. It is "judge-made law" which entitles a claimant under our Act to recover because of disability resulting from a condition previously or subsequently existing when and where the damage or harm to the physical structure of the body, resulting because of a compensable injury, has accelerated or aggravated the same so as to occasion such disability. See Texas Employers' Ins. Ass'n v. Parr, Tex.Com.App. 1930, 30 S.W.2d 305 and cases following; 45 Tex.Jur., p. 492, "Workmen's Compensation", Sec. 98, "Pre-existing Disease or Condition as Cause or Contributing Cause".

Let us suppose that the trial amendment had not been permitted. Under that supposition the definition of "injury" would not have contained the words upon aggravation. Would not the insurance company have been entitled, in that event, to a special issue reading substantially as follows: "Do you find from a preponderance of the evidence that Willie Milligan's incapacity, if any, since date of ——— was not the result of a preexisting arthritis?" And, if the jury had refused to answer said issue in the affirmative for plaintiff would not the insurance company have been entitled to a judgment relieving it of any liability for compensation after the date inquired about in the issue? I believe that under those circumstances the insurance company would have been entitled to such an issue and to a judgment in its behalf in the event an answer had been returned favorable to it.

With the allowance of the trial amendment such issue ceased to be an ultimate issue in the case. Even if submitted and answered favorably to the insurance company such would avail it nothing if the jury should be entitled to find, as it did in this case, that plaintiff sustained an "injury" which was defined not only in the terms of the statutory definition but with the additional element proper to be added to such definition only when the pleadings and evidence in the cause raise the issue of acceleration or aggravation.

I believe that the statement from the opinion in Texas Employers' Ins. Ass'n v. Dillingham, quoted in the forepart of this dissenting opinion, correctly states the law. If it does the correct judgment to be rendered in the instant case would be one of reversal and remand.