**UNIVERSAL UNDERWRITERS INSURANCE CO., Appellant,**

v.

**Ephram POTTER, Appellee.**

**No. 6864.**

Court of Civil Appeals of Texas.

Beaumont.

Dec. 29, 1966.

Rehearing Denied Jan. 25, 1967.

Oldham & Lorance, Houston, for appellant.

Helm, Jones & Pletcher, Houston, for appellee.

STEPHENSON, Justice.

This is a suit brought by plaintiff under the Workmen's Compensation Act. Judgment was entered that plaintiff recover for total and permanent disability upon the answers of the jury to the issues submitted. The parties will be referred to here as they were in the trial court.

Plaintiff alleged that he received injuries to his right arm, shoulder and neck resulting in total and permanent disability. No specific injury was separately alleged nor was recovery sought for a specific injury. Defendant's answer contained only a general denial and pleas that plaintiff had returned to work and suffered no diminution of earning capacity, that plaintiff's injury resulted in only temporary and partial incapacity, and that if plaintiff was suffering any incapacity it was a result of other injury, disease or condition.

Defendant's main complaint is in reference to the method of submission of the case to the jury. The trial court refused to submit an issue inquiring whether plaintiff's disability was limited to the loss of use of his right arm, and submitted the case solely on the basis of a general injury with no mention made as to what part of plaintiff's body had been injured. Defendant argues: That this permitted the jury to lump together a specific injury to the arm and a general injury to the shoulder, neck and chest. That the jury should have been asked whether the specific injury to plaintiff's arm extended to and affected plaintiff's body generally. That the jury should have been asked whether plaintiff sustained concurrent injuries to his arm and shoulder, neck and chest. That the jury should not have been permitted to consider any disability resulting from the injury to the arm in assessing general incapacity. That plaintiff should have been required to elect to recover for either a specific injury to the arm or a general injury to the shoulder, neck and chest.

It is important that several factors be kept in mind so that this case can be distinguished from others. This is *not* a case in which plaintiff has alleged an injury to a specific member of his body which extended to and affected other portions of his body so as to result in a general injury. Plaintiff in this case alleged that he received injuries to his arm, shoulder and neck. This is *not* a case in which plaintiff alleged that he received a specific injury and separately alleged a general injury, and then prayed for recovery under a general disability because of the combined effect of a specific and a general injury.

■ A plaintiff may plead his case as he elects to do so and the burden of proof is then upon him to prove his case as alleged. We have no points of error in this case that the answers of the jury were not supported by the evidence.

■ Plaintiff, having elected to base this cause of action solely on a general injury, it became the responsibility of defendant to allege and prove that plaintiff's disability was limited to the loss of use of his right arm. In the absence of pleadings by defendant, it was not entitled to an affirmative submission of this defensive issue. The record does not reveal that defendant asked leave of the court to file a trial amendment. Under Rule 279, Texas Rules of Civil Procedure, the refusal of the trial court to submit this issue was not error. United Benefit Fire Ins. Co. v. Stock, Tex.Civ.App., 344 S.W.2d 941. We do not interpret plaintiff's pleadings to allege a specific injury as well as a general

injury as found by the Court of Civil Appeals in Texas Employers' Ins. Ass'n v. Hevolow, 136 S.W.2d 931, in which instance it was held that a general denial would raise an issue as to limitation of incapacity to a specific member. These points are overruled.

Defendant's second point of error is that the trial court erred in excluding a portion of the testimony of Dr. A. L. Delaney. The testimony of the plaintiff and the doctor called by him showed that the blow to plaintiff's right arm was of sufficient force to cause injury to his neck and shoulder. While plaintiff was testifying on direct examination, the following transpired, Mr. Ellisor representing plaintiff and Mr. Lorance representing defendant:

"Q (By Mr. Ellisor) Mr. Potter, at this time will you raise your sleeve on your arm? Unloosen your sleeve there and raise it?

"MR. LORANCE: If the Court please, I have no objection to the plaintiff exhibiting himself to the jury, or his injuries to the jury; however, if he does that, I invoke my right to demand and have an examination of his injuries *and of what he has exhibited* by a doctor of my choice so that the doctor can come in and testify.

"THE COURT: Yes, sir.

"MR. ELLISOR: I don't mind you having a doctor of your choice to *examine what I am going to exhibit.*"

According to the record, only plaintiff's right arm was exhibited to the jury. Defendant asked Dr. Delaney to examine plaintiff. A bill of exception, which is the basis for this point of error, shows that Dr. Delaney examined plaintiff's shoulder and neck in addition to his arm, and that this doctor would have testified that he found plaintiff had no disability, or loss of use of, or incapacity in the neck, the right shoulder or the rib cage or the thoracic spine. The trial court made the following ruling when plaintiff objected:

"THE COURT: All right. Now, the Court's ruling is that any examination that the doctor made as of this date to the whole of the right arm of the plaintiff is admissible because the plaintiff, through his attorneys, exhibited the whole of the arm to the jury; but, as to any other examination the doctor made as of this date, to any other portion of his body, I am sustaining the objection of the plaintiff."

■ Neither of the parties to this appeal has found a case directly passing upon this point. Art. 8307, § 4, Vernon's Ann.Civ. St., gives the Industrial Accident Board the authority to order a claimant to submit to a physical examination, and the cases have extended this authority to the trial court to which the compensation claim has been appealed. The general rule is that a court's ruling on a motion to require a party to submit to a physical examination will not be reviewed except to determine whether there was an abuse of discretion on the part of the court, and that the burden of showing that the court has abused its discretion in refusing to grant such motion rests upon the appellant. United Employers Casualty Co. v. Curry, Tex.Civ.App., 152 S.W.2d 862; Potomac Ins. Co. v. Milligan, Tex.Civ.App., 335 S.W.2d 648.

■ We hold that the same rule of law applies to the situation before us, and that the type of examination that will be permitted, and the extent of the testimony that will be allowed are matters which should be left largely to the discretion of the judge who has the parties and the emotional factors before him. We think it is clear from a careful reading of the record that the attorney for defendant asked that a doctor of his choice be permitted to examine the injuries of the plaintiff *exhibited to the jury,* and that the attorney for plaintiff agreed that such a doctor could examine *what he was going to exhibit,* and that plaintiff exhibited only his

arm. We find no abuse of discretion on the part of the trial court in limiting the testimony to the examination of the arm which was exhibited. The point is overruled.

Affirmed.